UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

       Defendants.
_____/

## GOVERNMENT'S REPLY TO DEFENSE RESPONSE TO SUPPLEMENTAL RESPONSE TO STANDING DISCOVERY ORDER

On October 19, 2023, in response to the Court's October 17, 2023 minute order, the Government filed a supplemental response to the standing discovery order, ECF No. 190, to provide the Court additional information regarding its productions of classified discovery. Later that day, defendant Donald J. Trump filed an unclassified response, ECF No. 191, and classified supplement, which made incorrect and misleading allegations about the discovery record in furtherance of his attempt to delay the pretrial litigation schedule and May 20, 2024 trial date. This reply brief corrects the defense's misleading statements and sets the record straight: as of October 6, the defense has had available to it nearly all unclassified and classified discovery collected by the Government to date, as set forth in prior filings cited below, and the Government understands that the defense SCIF has been approved to store all classified materials in this case, including the special measures documents. The Government has met and exceeded its discovery obligations to date and the discovery record provides no cause to delay these proceedings.

The Timing of the Government's Disclosures

First, defendant Trump alleges that the Government's discovery productions have been "late," ECF No. at 191 at 3, and specifically alleges in his classified supplement that the Government's third production of classified discovery was untimely.[1] The allegations are wrong. As set forth in prior filings, the Government's discovery productions have been prompt, fulsome, and transparently made. *E.g.*, ECF No. 190 (setting forth the classified discovery record, including the extent, manner, and timing of the Government's disclosures); ECF No. 187 at 2-3 (detailing the extent and timing of the Government's disclosures); *id.* at 3 (describing the Government's efforts to accommodate specific defense discovery requests); ECF No. 173 at 2-4 (explaining that the defense has access to nearly all unclassified discovery, including all witness memorialization and grand jury transcripts, more than seven months before trial); *id.* at 5 ("The fact is that since the entry of the protective orders [for classified discovery] on September 13, cleared counsel has had access to considerable [classified] discovery; and as of October 6, the Government has made available all of the classified discovery of which it is aware, except for discovery subject to proceedings under CIPA Section 4."); ECF No. 165 at 4-7 (setting forth the Government's unclassified and classified discovery productions through September 14, 2023, and providing projections for future discovery); *see also* ECF No. 158 (Joint Discovery Report); ECF Nos. 30, 59, 80, 92, 113, 122, 143, 172, 184 (Government's responses and supplemental responses to the standing discovery order). As for the Government's third classified discovery production, the Government made it available beginning on October 6 because that was the date proposed by the defense. ECF No. 160 at 7. In fact, the only deadline for classified discovery set forth in

---

[1] In this unclassified reply, the Government refers only to the unclassified statements in defendant Trump's classified supplement.

2

the Court's scheduling order was for the first production, with which the Government complied. ECF No. 83 at 5.[2]   And the largest set of documents in the most recent classified production—a set of about 1,400 pages of emails described in defendant Trump's classified supplement—consists mostly of Jencks material, which this Court has indicated is not due until closer to trial.   *See* ECF No. 83 at 5; ECF No. 55 at 4, ¶ 13; ECF No. 28 at 4, ¶ 13.

Moreover, despite defendant Trump's accusations, defense counsel was hardly in a rush to review the Government's latest production of classified discovery.   As the Government explained in a recent filing, ECF No. 187 at 5-6, it informed the defense on October 6 that the production had been provided to the Classified Information Security Officer (CISO) and inquired the next day when the defense would resume its review of classified discovery in the defense SCIF, so the Government could arrange for it to be delivered there.   Defense counsel waited 11 days, from October 6 until October 17, to receive the materials in the defense SCIF.   The date on which defendant Trump's counsel began their review of the latest round of classified discovery—not including the special measures documents—was a result of their choice, not the Government's delay.   In any event, the Government's latest classified production was available to the defense less than a month after the September 13 entry of the protective orders in this case, ECF Nos. 150-152, and more than seven months in advance of the trial date.   The defense has not been prejudiced by the timing of any of the Government's disclosures, much less that classified production.

---

[2]   The Scheduling Order set September 7 as the deadline for the Government's first production of classified discovery.   The Government delivered certain classified discovery to the defense SCIF before then, but it was not available to the defense until September 13, after the Court entered the CIPA Section 3 protective orders, ECF Nos. 150-152.

The Volume of the Government's Third Classified Discovery Production

Second, defendant Trump's descriptions of the scope, content, and volume of the Government's third production of classified discovery leave the misleading impression that the Government provided the defense a vast amount of new digitized material on four discs just days before impending filing deadlines. Not so.

To begin, defendant Trump alleges that one of the discs included 13,584 "additional" pages of discovery. ECF No. 191 at 1. That is wrong—all but 15 pages of this 13,584-page set of materials had already been produced in unclassified discovery; and the reason the entire set of materials—including the previously produced unclassified pages—was provided together in classified discovery is that the defense asked that it be done that way. The 13,584 pages consist of multiple copies of documents from a box of scheduling materials from Trump's presidency stored at Mar-a-Lago and elsewhere in West Palm Beach. During the investigation of this case, the Government obtained duplicate copies of the box's contents—including from the box itself, as well as from a laptop and a cloud storage account to which an aide to defendant Trump had scanned copies—totaling the 13,584 pages, only 4,242 of which are unique. Fifteen of the pages were classified. On June 21, the Government produced to defendant Trump the unclassified digitized contents of the box, containing all but the 15 classified pages of the total of 4,242 unique pages. During a meet-and-confer on September 20, the defense indicated that rather than receiving productions of only the classified pages extracted from electronic devices, separated from the digitized unclassified material already provided in unclassified discovery, they wanted to receive any classified pages from electronic media together with surrounding contents so that it could ascertain where the pages had been stored. The Government accommodated the defense's

4

request when possible. Defendant Trump should not now be heard to complain about the resulting volume.

As for the other three discs made available on October 6 in the third classified production, about which the defense also complains, ECF 191 at 1, they too contain many materials to which the defense already had access. One of the discs contained 43 photographs of documents that former counsel for defendant Trump turned over to the Government on June 3, 2022, in response to a grand jury subpoena—a copy of each of the depicted documents was produced to the defense in the first classified production on September 13. Another disc contained two metadata files and 501 photographs from the execution of the search warrant at Mar-a-Lago on August 8, 2022— about 456 unclassified photographs from that disc were provided to defendant Trump in the Government's first unclassified production on June 21; the remaining photographs included photographs of seized classified documents. And the last disc contained classified audio recordings of interviews—the transcripts of which were provided to the defense in the Government's first and second classified discovery productions.

The Special Measures Documents

Third, defendant Trump claims in his classified supplement that the special measures documents could not be discussed in the defense SCIF when counsel resumed review of materials there on October 17 and 18. This too is misleading. On October 13, the CISO informed both the Government and the defense that the two defense SCIFs, "Defense SCIF 1" and a newly renovated "Defense SCIF 2," which are located within a city block of each other in Miami, had been cleared for review and discussion of all classified materials, including the special measures documents. Initially, on October 17, the special measures documents were delivered to Defense SCIF 1 by control officers who had couriered the documents there from the Washington, D.C.,

5

area. The Government's understanding is that an equipment failure deactivated a security measure that prevented discussion of the special measures documents in Defense SCIF 1 (but review could still occur), and that the following day, October 18, counsel moved one block over to Defense SCIF 2, which was authorized for both review and discussion of all the classified discovery and to which the special measures documents were re-delivered. Regardless, the Government understands that Defense SCIF 2 has been approved to store the special measures documents, and the Government is prepared to arrange for prompt delivery of the documents there at the CISO's direction.

### The Classified Laptop

Fourth, defendant Trump asserts in his unclassified response, ECF No. 191 at 2, and classified supplement that the proceedings must be delayed because he has not been equipped with a classified laptop on which to write discovery requests and pleadings. This is also misleading. In fact, the defense has been equipped since September with a classified laptop cleared for writing correspondence and pleadings concerning all classified materials except for the special measures documents, which comprise a small fraction of the overall classified discovery. The defense has made use of that laptop, submitting to the Court two classified filings, and addressing to the Government an 11-page classified letter with dozens of discovery requests. Regardless, the Government understands that four laptops have been approved for the defense's use in writing correspondence and pleadings related to the special measures documents.

The defense's allegations about the Government's compliance with its discovery obligations are wrong, and its characterization of the discovery record is incorrect and misleading. The Government is in full compliance with its discovery obligations to date, having provided

prompt and thorough disclosures throughout these proceedings. The discovery record offers the defense no justification to delay the pretrial schedule and trial of this case.

                                         Respectfully submitted,

                                         JACK SMITH
                                         Special Counsel

By:    */s/ Jay I. Bratt*
            Jay I. Bratt
            Counselor to the Special Counsel
            Special Bar ID #A5502946
            950 Pennsylvania Avenue, NW
            Washington, D.C. 20530

            Julie A. Edelstein
            Senior Assistant Special Counsel
            Special Bar ID #A5502949

            David V. Harbach, II
            Assistant Special Counsel
            Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Julie A. Edelstein
Julie A. Edelstein
Senior Assistant Special Counsel