UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and CARLOS DE OLIVEIRA,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO CONTINUE PRE-TRIAL DEADLINES AND DENYING WITHOUT PREJUDICE MOTION TO ADJOURN TRIAL

**THIS MATTER** comes before the Court upon Defendants' Motions for a Revised Pre-Trial and Trial Schedule [ECF Nos. 160, 167, 183]. The Court has reviewed the Motions, the Special Counsel's Responses in Opposition [ECF Nos. 165, 173, 187], the additional filings on the subject, including the various responses to the Standard Discovery Order [ECF Nos. 30, 59, 80, 92, 113, 122, 143, 158, 172, 178, 184, 190–191, 199, 204], the classified supplements to these materials, and the full record. The Court also held a hearing on the Motions on November 1, 2023 [ECF No. 205].

Following review, it is **ORDERED AND ADJUDGED** as follows. Defendants' Motions to Continue Pre-Trial Deadlines are **GRANTED IN PART** for the reasons stated below. Defendants' Motion to Continue Trial, currently set for the two-week period commencing on May 20, 2024, is **DENIED WITHOUT PREJUDICE**, to be considered at a scheduling conference on

March 1, 2024, following the initial set of pre-trial and CIPA steps in this proceeding as outlined below.

## BACKGROUND

Before addressing the instant Motions, the Court reviews the material developments in this case since the issuance of the Court's July 21, 2023, Scheduling Order [ECF No. 83].

On July 21, 2023, the Court granted in part the Special Counsel's Motion to Continue Trial, resetting deadlines in accordance with a detailed schedule of CIPA and pre-trial deadlines [ECF No. 83 (granting ECF No. 34 in part)]. The Court's decision followed full briefing and a hearing, during which the parties addressed estimates of the voluminous classified and unclassified discovery in this case; preliminary particulars related to CIPA; and extensive pre-trial motions anticipated by Defendants, including on certain issues not meaningfully developed in caselaw [ECF Nos. 32, 34, 66, 76, 209].

On July 27, 2023, after the foregoing hearing and entry of the Court's Scheduling Order [ECF No. 83], a grand jury returned the operative Superseding Indictment [ECF No. 85]. The Superseding Indictment added a third Defendant to the case, Carlos De Oliveira, and added an additional count and other allegations—yielding a total of 42 counts [ECF No. 86]. Following a reasonable period of time to obtain appearances of counsel, Defendant De Oliveira was arraigned on August 15, 2023 [ECF Nos. 89, 91, 99, 108–110, 112, 121]. Defendants Trump and Nauta were arraigned on the Superseding Indictment on August 10, 2023 [ECF Nos. 106–107].

In the months that followed, the Special Counsel moved for separate *Garcia* hearings to address potential conflicts of interest as to counsel for Defendants Nauta and De Oliveira [ECF Nos. 97, 123, 126, 129, 134–135, 137, 144–145]. The Court granted those motions after substantial briefing—resulting in two *Garcia* hearings, one of which was continued to address

newly raised arguments on the scope of the alleged conflicts [ECF Nos. 181–182, 185–186, 189, 193–194, 198]. The Special Counsel also filed contested motions for entry of a protective order governing classified information [ECF Nos. 79, 82, 84, 104–105, 120, 127, 144, 150–152]. Those motions, styled under CIPA Section 3, similarly resulted in extensive filings as referenced herein, including supplemental briefing on the scope of CIPA Section 3 and a sealed hearing—all as a prerequisite to review of classified discovery in this case [ECF Nos. 149, 153, 162–164]. Also during this period, the Court addressed the manifest complexity of this proceeding in connection with Speedy Trial Reports, further reiterating the Court's complex case designation and ends-of-justice finding under the Speedy Trial Act [ECF No. 154 (*see* ECF No. 83 pp. 1–3)].

Turning to the substance of discovery, the record as it has developed in this case reflects an unusually high volume of unclassified and classified discovery, even as far as CIPA cases go, along with challenges associated with storing and handling particular information at issue in the Superseding Indictment [ECF Nos. 30, 59, 80, 92, 113, 122, 143, 158, 172, 184, 190–191, 199, 204]. These matters have been aired at nearly every hearing conducted to date, first during the initial scheduling conference on July 18, 2023 [ECF No. 209]; then during a sealed CIPA Section 3 hearing on September 12, 2023 [ECF No. 149]; and most recently during the November 1, 2023, hearing when discovery figures were presented in a more complete and current form [ECF No. 205]. All told, by latest numbers, the Court is advised that this case involves approximately 1.3 million pages of unclassified discovery, approximately 60 terabytes of closed-

circuit television footage spanning at least nine months,[1] and 5,500 pages of classified discovery.[2] The volume and timing of these materials has outpaced initial estimates and required supplementation, both in the normal course and also to correct inadvertent omissions in the Special Counsel's productions. And, as far as classified discovery is concerned, the full scope of such information, including discovery directly pertinent to the substantive counts in the Superseding Indictment, was made available to defense counsel only recently on October 17, 2023, further contributing to delays in defense review. In the meantime, the Litigation Security Group remains in the process of managing various issues associated with document review in this case, including read-and-return requirements that have presented unique logistical hurdles not commonly present in CIPA litigation. And finally, counsel for Defendant Nauta did not receive final clearance to review classified discovery until October 25, 2023, precluding him from any classified discovery review.[3]

In the midst of the foregoing, the process of establishing an accredited facility in the Northern Division of this District remains in progress, slated to be completed in early 2024. The investigation in this case commenced in February 2022, but no efforts were taken to initiate in earnest the establishment of such a facility until after this case was indicted—adding additional logistical challenges.

---

[1] Defense counsel advised during the November 1, 2023, hearing that data stored in the folders downloads and processes at a very slow rate, making review cumbersome, and requiring additional equipment.

[2] The Special Counsel also has produced several disks containing approximately three gigabytes of classified information. The Special Counsel reports that the material on the disks is duplicative of the 5,500 pages of classified material produced in hard copy.

[3] Final read-ins remain pending for such counsel as well.

Finally, following the Court's November 1, 2023, Order on CIPA Section 3 [ECF No. 202], anticipated CIPA Section 4 litigation in this case will be, without dispute, more robust than initially forecasted by the Special Counsel prior to entry of the July 21, 2023 Scheduling Order. The Special Counsel seeks to withhold from Defendant Trump an unidentified amount of information marked as classified; seeks to withhold from Defendant Nauta all but one page of the 5,500 pages marked as classified; and seeks to withhold the entirety of the classified information from Defendant De Oliveira. These matters will be the subject of CIPA Section 4 litigation to begin in accordance with this Order and will necessitate detailed Court review of a significant volume of information, plus more briefing/hearings following contested defense motions to compel.

All of this leads to the instant Motions. Defendants seek a revised schedule of pre-trial deadlines in this case, citing various reasons: delays and omissions in the production of discovery from initial commitments by the Special Counsel (including on materials related to charged counts); sizeable increases in the quantity of unclassified and classified discovery from earlier estimates; inability to access some of the classified discovery until October 17, 2023; contested motions to compel discovery that have only now started to come into focus; substantial disputed CIPA Section 4 litigation; difficulties reviewing subcategories of the classified discovery; the absence of a secure facility in the Northern Division; and conflicting schedules in other pending cases involving Defendant Trump [ECF Nos. 160, 167, 178, 183]. Defendants also request an adjournment of trial now, largely for the same reasons [ECF No. 167]. In opposition, the Special Counsel recognizes the need to continue some of the pre-trial deadlines, acknowledges some delays in the production and review of classified discovery, and recognizes the high volume of discovery in this case. But the Special Counsel opposes any material adjustment to the current deadlines on the view that "nothing material has changed since the Court set the trial date"

[ECF No. 165 p. 1]. The Special Counsel also disputes Defendants' contention that CIPA Section 4 litigation should come, at least in its initial form, after motions to compel discovery, a point on which the Court agrees [ECF No. 165].

## DISCUSSION

The Court has reviewed the instant Motions and the full record. Upon full consideration, the Court deems it most prudent, given the evolving complexities in this matter, to adjust the first batch of pre-trial deadlines as specified in the chart below and to deny without prejudice Defendants' premature Motion to adjourn the trial date. The Court reasons as follows.

First, and most significantly, the quantity of discovery in this case remains exceedingly voluminous, even more so than initially thought. To be sure, the Special Counsel has taken various steps to produce discovery on a regular basis. But even with these efforts, discovery has increased sizably from initial estimates; classified discovery did not become available to Defendants in its complete form (including on substantive counts) until October 17, 2023; clearance and read-in procedures have only recently reached near-closure for assembled counsel of record; and discovery review as a whole has generated concrete challenges given the sheer amount of the materials and the sensitivities of the information involved. These evolving and unforeseen circumstances require a reevaluation of the initial period for defense discovery review as contemplated initially in the Court's July 21, 2023, Order. And they make plain to the Court what due process requires: Defendants need more time to review the discovery in this case. This Order aims to afford that opportunity in a reasonable fashion, balanced against the public's right to a speedy trial.

Second, although initially projected as minimal, CIPA Section 4 litigation in this case, as properly understood under the text of the statute, will require more time for party briefing and Court review given the volume of information sought to be deleted from Defendants. This process,

6

to be conducted *ex parte* absent special circumstances to the contrary, is not simple, and it must be done carefully and in a manner attuned to the sensitive nature of the information involved and to the competing legal theories of the case as presented by all sides.

Third, Defendants represent that they intend to seek to compel discovery not only from the Special Counsel and the Federal Bureau of Investigation but also from other government agencies [ECF No. 160 p. 10; ECF No. 183 p. 6]. Without expressing any view on the merits of those anticipated motions, it is evident that the parties are at odds on significant issues related to the scope of discoverable information in this case, and that such disagreements will require substantial judicial intervention. This too adds complexity to this case, both as a matter of briefing, Court review, and future rounds of CIPA Section 4 litigation.

Fourth, although less important at this stage, the Court cannot ignore the realities of pre-trial and trial schedules in two other criminal matters identified by defense counsel: *United States v. Trump*, No. 23-cr-257 (D.D.C. 2023), in the United States District Court for the District of Columbia, in which Defendant Trump faces trial currently scheduled to begin on March 4, 2024, estimated to last anywhere from four to eight weeks (possibly more), and *People v. Trump*, Index No. 71543/2023 (N.Y. Sup. Ct. 2022), a separate criminal case in the state of New York, initiated prior to this case and currently scheduled for trial on March 25, 2024. Defendant Trump recently filed an opposed motion to stay in the District of Columbia, and a scheduling conference in the New York matter reportedly is set for late February 2024. Although the Special Counsel is correct that the trajectory of these matters potentially remains in flux, the schedules as they currently stand overlap substantially with the deadlines in this case, presenting additional challenges to ensuring Defendant Trump has adequate time to prepare for trial and to assist in his defense.

For these reasons, consistent with the rationale set forth in the Court's earlier Scheduling Order [ECF No. 83], and in consideration of material developments in this proceeding to date, the Court resets the first set of pre-trial deadlines as follows and sets a scheduling conference to address remaining deadlines in a reasoned manner. In reaching these conclusions, the Court has conducted a careful review of the CIPA cases cited by the parties, and has surveyed the CIPA landscape as a whole, to better understand the parties' competing positions and to provide broader context. Having done so, and finding no comparable CIPA case presenting the combination of factors discussed herein, the Court is confident that the adjustments below appropriately reflect the needs of this case and more than accord with the pace of complex CIPA litigation generally.

### REVISED SCHEDULE FOR INITIAL SET OF PRE-TRIAL DEADLINES

All previously remaining deadlines in the Court's July 21, 2023, Order are superseded except calendar call and trial. Additional deadlines and hearings to be set and noticed as necessary.

| | |
|---|---|
| **Completion of Security Clearances and Read-Ins** | November 16, 2023 |
| **Special Counsel's CIPA Section 4 Motions (*Ex Parte*)** | December 4, 2023 |
| **Any Defense Motion Related to *Ex Parte* Nature of CIPA Section 4** | December 4, 2023 |
| **Defense Response to Special Counsel's Motion for Disclosure of Advice of Counsel Defense** | December 29, 2023 |
| **Joint Discovery Status Report** | January 9, 2024 |
| **Special Counsel's Rule 16 Expert Disclosures** | January 12, 2024 |
| **Defense Motions to Compel Discovery** | January 16, 2024 |
| **Defense Challenge to Section 4 Motions** | January 23, 2024 |

| | |
|---|---|
| **Special Counsel's Response to Defense Motions to Compel** | February 2, 2024 |
| **Hearing on Section 4 Motions** | February 15–16, 2024 |
| **Pretrial Motions**[4] | February 22, 2024 |
| **Scheduling Conference** | March 1, 2024 |

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of November 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[4] To the extent there is overlap between anticipated pretrial motions and motions in limine (not covered in this initial set of deadlines), the filing party should so advise the Court prior to the pretrial motion deadline.