UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

    Defendants.
_____/



FILED BY _____ D.C.

JAN 18 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## GOVERNMENT'S RESPONSE REGARDING DEFENSE MOTION TO DISCLOSE DISCOVERY MATERIAL

Two days ago, the defendants filed motions to compel discovery (ECF No. 262) that are replete with mischaracterizations and baseless arguments. Concurrently, defendant Trump filed a Motion for Temporary Leave to File Redacted Brief (ECF No. 261) that was joined by defendants Nauta and De Oliveira. The Government supports full transparency of the record consistent with witness safety, national security, and the Court's protective order, in part because that transparency will expose the defendants' distortions of the factual and legal landscape in their motions to compel. Nevertheless, out of concern for witness safety and the reasons explained below, the Government opposes the Motion for Temporary Leave to File Redacted Brief—in effect a motion to disclose Discovery Material subject to the Court's protective order—to the limited extent that the motions to compel or their exhibits identify any prospective Government witness, constitute Jencks Act material for the same, or contain certain additional discrete sensitive information specified below.

Protection of Government witnesses from harassment and intimidation is among the rationales of the Jencks Act's exemption of witness statements from discovery, and among the reasons courts have routinely held that the Government may not be compelled to turn over Jencks Act materials sooner than the statute requires. 18 U.S.C. § 3500(a) ("no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness ... shall be the subject of subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case"); *see, e.g., Goldberg v. United States*, 425 U.S. 94, 105 (1976) (rationale of Jencks Act includes "preventing defendants from rummaging through confidential information containing matters of public interest, safety, welfare, and national security." (cleaned up)); *United States v. Roberts*, 811 F.2d 257, 258-59 (4th Cir. 1987) (witness safety concerns underlie Jencks Act). These concerns apply in this case just as in any other. That the Government has exceeded its obligations and produced Jencks Act materials to the defense well in advance of trial—subject to a protective order—in no way dilutes the rationale for keeping the materials out of public view. Furthermore, although safety of prospective witnesses is a prime concern, it is not the only one. Public disclosure of witness identities or their statements in advance of trial also risks infecting the testimony of other witnesses or unnecessarily influencing the jury pool. *See* ECF No. 140 at 2.

Accordingly, the Government objects to the unsealing or public dissemination of any information in the motions brief (ECF No. 262) or its exhibits that (a) reveals the identity of any potential Government witness; (b) reveals personal identifying information for any potential Government witness; or (c) constitutes Jencks Act material for any potential Government witness. In addition, one document identifies two of the signals intelligence sub-compartments that are redacted in the Superseding Indictment, and another document identifies the FBI code name of a

2

separate investigation. Last, one exhibit discusses uncharged conduct as to one or more individuals. Those pieces of information should also remain redacted and subject to the protective order.

In order to assist the Court, the Government summarizes below the various exhibits with relief the Government requests:

| Exhibits to remain sealed in full | 2, 51, 61, 67, 68, 69 |
| --- | --- |
| Exhibits as to which the Government has no objection to their unredacted public filing | 8, 9, 19, 21, 26, 28, 30, 31, 32, 35, 50, 54, 55, 57, 58, 60 |
| Exhibits as to which the Government has no objection to their public filing with the noted redactions | 1, 3, 4, 5, 6, 7, 10, 11, 15, 18, 20, 23, 25, 27, 29, 33, 52, 53, 53, 59, 66, 70 |
| Exhibits that defendants have already filed publicly | 12, 13, 14, 16, 17, 22, 24, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 62, 63, 64, 65 |

In addition, the Government is filing two attachments under seal.[1] Sealed Attachment A identifies via red boxes the portions of the brief and sealed exhibits that should remain redacted. Sealed Attachment B contains charts with the justification for each of the redactions.

The Government has no objection to the public filing of defendants' brief and exhibits beyond these limited items.

For the above reasons, the Government requests that the Court deny the defendants' request to unseal the information and materials described in sealed Attachments A and B, and direct that they remain subject to the protective order.

---

[1] The attachments are being filed under seal because they contain information subject to the Protective Order. ECF No. 27.

Respectfully submitted,

JACK SMITH
Special Counsel
N.Y. Bar No. 2678084

By: /s/ *Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I transmitted the foregoing document to be filed by hand with the Clerk of the Court, following which I will promptly serve counsel of record via email.

/s/ *David V. Harbach, II*
David V. Harbach, II