**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 23-80101(s)-CR-CANNON**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

    Defendants.
_____/

**GOVERNMENT'S OPPOSITION TO PRESS COALITION'S MOTION TO
INTERVENE AND UNSEAL**

The United States respectfully opposes the Press Coalition's Motion to Intervene (ECF No. 269), for the reasons that follow:

1. The Press Coalition moves to intervene in order to participate in litigation over proposed redactions to, and unsealing of, certain records that are currently covered by the Court's Protective Order, ECF No. 27. The relief they seek is an assurance that "the Court conduct an 'independent review' of any proposed redactions and withholdings to ensure 'that the Government has met its burden of showing that its proposed redactions are narrowly tailored to serve the Government's legitimate interest in the integrity of the ongoing [case] and are the least onerous alternative to sealing the entire [records].'" Press Coalition Motion to Intervene ("Press Mot."), ECF No. 269, at 4(internal citation omitted). As the Government made clear in its Response to the Defendants' motion to disclose discovery material (ECF No. 261), it fully "supports full transparency of the

record consistent with witness safety, national security, and the Court's protective order." *See* ECF No. 267.

2. Although the Press Coalition states that it has "standing" to move for intervention, ECF No. 269 at 5, it neither addresses nor establishes the elements of intervention. Both are required. *See Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019) (addressing intervention standards).

3. Intervention as of right requires either (1) an unconditional right to intervene by federal statute, or (2) "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a). As an initial matter, the Government is unaware of any statute providing the Press Coalition an unconditional right to intervene, and the Press Coalition has identified none. Accordingly, subsection 24(a)(1) is not applicable.

4. As to non-statutory intervention as of right under subsection 24(a)(2), the Rule creates a four-part test: (1) timeliness; (2) a sufficient interest; (3) impairment of that interest absent intervention; and (4) inadequate representation by the parties. *See Athens Lumber Co., Inc. v. Federal Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982). The movant bears the burden of establishing each of these four elements. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Here, the Press Coalition fails to establish at least the third and fourth elements. The Press Coalition's stated objective in intervening is to ensure that the Court conducts an "independent review" of the Government's proposed redactions and withholdings. But the Government's proposed redactions and justifications, as well as the defendants' positions, are already before the Court. *See* ECF Nos. 262, 267. Intervention for the sole purpose of encouraging the Court to

follow the law cannot constitute grounds to intervene, as the Press Coalition's interest is already protected by the Court's pending independent review. Fed. R. Civ. P. 24(a)(2).

5. Moreover, the parties' competing submissions to the Court, coupled with the Court's independent review, provide adequate representation of the Press Coalition's stated interests on the issue of unsealing. That is especially true because the parties have access to the sealed information and have made targeted arguments to the Court based on the facts of this particular dispute. The Press Coalition cannot similarly contribute to the adjudication of the factual issues.

6. Nor is permissive intervention warranted. Permissive intervention requires either (1) a conditional right to intervene granted by federal statute, or (2) "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Again, the Press Coalition identifies no statutory right to intervene, conditional or otherwise, and its interest has no commonality with the "main action" in this criminal case. Rather, the Press Coalition's interest is ancillary to the main proceedings, i.e., it seeks transparency into the proceedings and access to information. But that interest fails to satisfy the standard for permissive intervention. And in any event, such intervention is unnecessary because the Court is already poised to determine, based on submissions from the parties and the prevailing law, what information should remain sealed.

7. The Press Coalition points to no case where a court has granted a motion by the media to intervene in a criminal case in analogous circumstances. Instead, cases in which courts permitted the media to intervene in order to promote access involve situations where no party was seeking to unseal the information at issue. *See, e.g., Advance Local Media,* 918 F.3d at 1170-71 (media sought access to State of Alabama's legal injection protocol); *United States v. Valenti*, 987 F.2d 708 (11th Cir. 1993) (press sought access to closed proceedings); *In re Petition of Tribune Co.*, 784 F.2d 1518 (11th Cir. 1986) (press sought access to transcripts of non-public bench

3

conferences). In each of these cases, the press's interests in unsealing were not otherwise represented. By contrast here, the defendants are seeking to unseal the information at issue. The Court thus already has before it arguments presenting the same perspective the Press seeks to offer.

8.  The Press Coalition argues, in the alternative, that its brief be accepted as an *amicus curiae* filing "in support of neither party and in favor of unsealing." Press Mot. at 1, n.2. No rule governs the filing of amicus briefs in district court, but they should be accepted only when they would be helpful to the Court. *See, e.g., News and Sun-Sentinel Co. v. Cox, et al.*, 700 F. Supp. 30, 32 (S.D. Fla. 1988). The Government defers to the Court as to whether such an amicus filing would assist the Court; however, the Press Coalition's submission merely seeks to ensure that the Court engages in an independent evaluation of the information at issue, and the Court is already engaged in that process.

For these reasons, the Court should deny the Press Coalition's motion to intervene, and the Government defers to the Court as to whether it wishes to permit the filing of the Press Coalition's brief as *amicus curiae*.

Respectfully submitted,

JACK SMITH
Special Counsel

By:   */s/ Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *Jay I. Bratt*
Jay I. Bratt