UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80-1010-CR-CANNON

UNITED STATES OF AMERICA,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVIERA,

          **Defendants.**
_____/

**DEFENDANTS' MOTION FOR LEAVE TO DISCLOSE DISCOVERY
OR IN THE ALTERNATIVE TO FILE UNDER SEAL**

Defendants President Donald J. Trump, Waltine Nauta and Carlos De Oliviera respectfully request this Court issue an Order, pursuant to the Court's June 19, 2023, Protective Order (ECF No. 27) ("Protective Order"), permitting the disclosure of certain discovery in this case in Defendants' contemplated Supplement to their Reply in Support of their Motion to Compel (Feb. 9, 2024) (ECF No. 272). In the alternative, Defendants respectfully request the Court enter an Order permitting the Defendants to file a redacted copy of their Supplement as well as an unredacted copy of their Supplement and accompanying exhibits under Seal.

Specifically, the Protective Order in this case provides: "Defendants shall not disclose Discovery Material in any public filing or in open court without notice to, and agreement from, the [the Special Counsel's Office], or prior approval from the Court. Protective Order (June 19, 2023) (ECF No. 27). Accordingly, defense counsel has conferred with the Special Counsel's Office ("SCO"), whom objects to the public disclosure of the foregoing discovery pursuant to the Protective Order. While in no way intending to diminish the concerns of the SCO with respect to

1

either "witness safety" and/or "national security," the Defendants do not believe the SCO can overcome the, "strong presumption of public access in criminal proceedings." Order at 9, ¶4 (Feb. 6, 2024) (ECF No. 283). *See also United States v. Maurival*, 795 F. App'x 725, 726 (11th Cir. 2019) (A party seeking to seal documents in a criminal case, "must set forth the factual and legal basis for departing from the court's open-access policy") (quoting S.D. Fla. L.R. 5.4(a)). Defendants also reiterate that the Jencks Act is not a basis for the sealing of material produced in discovery. *See* Reply ISO Mot. Unseal at 2 (Jan. 22, 2024) (ECF No. 270). The Discovery Material, and the basis provided by the SCO for sealing, follows:

1. Defendants intend to reference (and quote) the government's affidavit in support of a search warrant for the Gmail account of Mr. De Oliveira. The affidavit contains an allegation by the SCO concerning the movements of Messrs. Nauta and De Oliveira that the Defendants contend would have been captured on CCTV video that has yet to be produced in discovery. The SCO requests the search warrant, the accompanying affidavit, and any attachments be filed under seal and that references to the substance of the same be redacted from any public filing. The SCO further requests that only the paragraph of the affidavit being referenced and/or quoted be attached as any exhibit. The SCO provided no basis for this request.

2. Defendants intend to reference (and quote) the grand jury testimony of an FBI Special Agent and a U.S. Secret Service Agent concerning the thoroughness of the search of Mar-a-Lago on August 8, 2022. The SCO requests that the grand jury transcripts of these witnesses be filed under seal and any reference to the substance of the same be redacted from any public filing. The SCO further requests that only the pages of the

grand jury testimony being referenced and/or quoted be attached as exhibits. The SCO provided no basis for this request.

3. Defendants intend to reference (and quote) an email exhibit shown to the U.S. Secret Service Agent during their grand jury testimony insofar as it relates to the thoroughness of the search of Mar-a-Lago on August 8, 2022. The SCO requests that the email exhibit be filed under seal and any reference to the substance of the same be redacted from any public filing. The SCO advises sealing of the email exhibit is necessary under the Jencks Act, but provides no further basis for this request.

4. Defendants intend to reference a record produced by the U.S. Secret Service which includes a floorplan of President Trump's residential area at Mar-a-Lago. The SCO requests that the document be filed under seal and any reference to the substance of the same be redacted from any public filing. The SCO also requests that only the page of the document including the floorplan be attached as an exhibit. The SCO provides no basis for this request.

\* \* \*

Once again, given the, "strong presumption of public access in criminal proceedings," Order at 9, ¶4 (Feb. 6, 2024) (ECF No. 283), Defendants seek leave of Court to include the above-referenced Discovery Material in their Supplemental Brief. In the alternative, should the Court find the SCO has "overcome" the "presumption favoring public access to trial documents," *United States v. Sajous*, 479 Fed. Appx. 943, 944 (11th Cir. 2018) (citing *Press-Enter. Co. v. Superior Ct. of Cal. For Riverside Cty.*, 478 U.S. 1, 9 (1986)), then Defendants respectfully request the Court enter an Order permitting the Defendants to file a redacted copy of their Supplement to their Reply in Support of their Motion to Compel (Feb. 9, 2024) (ECF No. 272), as well as an unredacted copy

3

and accompanying exhibits under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances in of the particular case.").

[SIGNATURE BLOCK NEXT PAGE]

Dated: February 15, 2024  Respectfully submitted,

  /s/ Todd Blanche
Todd Blanche (*pro hac vice*)
ToddBlanche@blanchelaw.com
Emil Bove (*pro hac vice*)
Emil.Bove@blanchelaw.com
Blanche Law PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

  /s/ Christopher M. Kise
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

  s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr. (*pro hac vice*)
BRAND WOODWARD LAW, LP
400 Fifth Street NW, Suite 350
Washington, DC 20001
202.996.7447 (telephone)
202.996.0113 (facsimile)
stanley@brandwoodwardlaw.com

  s/ Sasha Dadan
Sasha Dadan (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*

  /s Larry Donald Murrell, Jr.
Larry Donald Murrell, Jr.
Florida Bar No. 326641
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: 561.686.2700
Facsimile: 561.686.4567
Email: ldmpa@bellsouth.net

  /s John S. Irving, IV
John S. Irving, IV
D.C. Bar No. 460068 (*pro hac vice*)
E&W Law
1455 Pennsylvania Avenue, N.W.
Suite 400
Washington, D.C. 20004
Telephone: 301-807-5670
Email: john.irving@earthandwatergroup.com

*Counsel for Defendant Carlos De Oliveira*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2024, I electronically submitted the foregoing, via CM/ECF, to counsel of record.

Respectfully submitted,

*s/ Sasha Dadan*
Sasha Dadan (Fla. Bar No. 109069)
Dadan Law Firm, PLLC
201 S. 2nd Street, Suite 202
Fort Pierce, Florida 34950
772.579.2771 (telephone)
772.264.5766 (facsimile)
sasha@dadanlawfirm.com

*Counsel for Defendant Waltine Nauta*