UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101(s)-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

    Defendants.
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO DISCLOSE DISCOVERY OR IN THE ALTERNATIVE TO FILE UNDER SEAL

The Government files this Response to the defendants' Motion for Leave to Disclose Discovery or in the Alternative to File Under Seal (ECF No. 312). The defendants' Motion is inconsistent with the process they proposed (and that the Court approved) for their supplemental reply brief, and their request to disclose discovery materials should be denied for the same reasons the Government has explained elsewhere: doing so would unnecessarily expose potential witnesses to very real dangers of harassment, intimidation, and reprisal. ECF Nos. 267, 294.

**Procedural Background**

On January 16, 2024, the defendants filed their Motion to Compel Discovery (ECF No. 262) along with a Motion for Temporary Leave to File Redacted Brief (ECF No. 261). Two days later, consistent with the protective order, the Government responded to the Motion for Temporary Leave, opposing it to the limited extent that the motion to compel or its exhibits identify any prospective Government witness, constitute Jencks Act material for the same, or contain certain

additional discrete sensitive information. ECF No. 267. On February 2, the Government filed a Motion for Permission to File Sealed and Redacted Documents (ECF No. 278) in connection with its unclassified Response in Opposition to Defendants' Motion to Compel Discovery (ECF No. 277).

On February 6, 2024, the Court issued an Order (ECF No. 283) granting in part the defendants' Motion for Temporary Leave to File Redacted Brief (ECF No. 261). The Court granted the defendants' request for unsealing as to the names of potential Government witnesses and their statements, based on its conclusion that the Government failed to carry the "heavy burden" of showing that sealing was "necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." ECF No. 283 at 4-6 (quotation marks omitted). On February 7, the Court issued an Order ruling on the Government's Motion for Permission to File Sealed and Redacted Documents, directing the Government to comply with the redaction instructions in the Court's earlier order for the reasons set forth therein. ECF No. 286 at 1-2.

On February 8, 2024, the Government filed a Motion for Reconsideration and Stay (ECF No. 294), seeking the Court's reconsideration of its orders at ECF Nos. 283 and 286 and a stay of the same. The next day, on February 9, the Court issued a paperless order (ECF No. 295) directing the defendants to respond to the Motion for Reconsideration and staying the deadlines in the Orders at ECF Nos. 283 and 286 pending resolution of the Motion for Reconsideration.

Also on February 9, the defendants filed a Notice (ECF No. 297) regarding their forthcoming reply in support of their motion to compel, in which they proposed to (1) file that same day all portions of the unclassified reply that do not reference discovery; and (2) seek the Government's position regarding exhibits and/or references to discovery they sought to include in a supplement to their reply brief. The defendants indicated that upon receipt of the Government's

2

position, they would "either file their supplemental reply brief (should the SCO not object to the publication of any referenced materials) or seek leave of court to file a redacted copy of their supplemental reply brief with the references to discovery under seal." ECF No. 297 at 2. Later that day, the Court approved the defendants' proposal. ECF No. 298. The conferral process that followed did not yield agreement on all redactions and sealing.

Yesterday, February 15, 2024, rather than simply seek leave to file a redacted copy of their supplemental reply brief, the defendants took a different approach from what they proposed in their February 9 Notice, filing a Motion for Leave to Disclose Discovery or in the Alternative to File Under Seal. (ECF No. 312).

## Discussion

There are four categories of discovery the defendants seek leave to publicly disclose, and the Court should deny the request as to all of them. The Government addresses each in turn.

First, the defendants seek to publicly disclose the entirety of a search warrant application for defendant Carlos De Oliveira's Gmail account. ECF No. 312 at 2. As represented to the Government in the conferral process, there is a single paragraph of the search warrant application that is of interest to the defendants for purposes of their reply supplement. The Government suggested that the defendants file the pertinent page of the search warrant affidavit with redactions to the paragraph in question, obscuring the names of potential Government witnesses. Instead, as was true with several of the exhibits they attached in support of their motion to compel, the defendants have gratuitously sought to publicize the entire search warrant application despite their asserted extremely narrow evidentiary need for it. *See also* ECF No. 294 at 19-20 (detailing similar defense efforts). There is no reason to permit them to do so and thereby jeopardize the safety of potential Government witnesses.

Second, the defendants seek to "reference (and quote)" grand jury testimony for two potential Government witnesses: an FBI Special Agent and a Secret Service Agent. ECF No. 312 at 2. In their motion, they do not specify whether they intend to attach the entirety of those transcripts as public exhibits. In the conferral process, with respect to the grand jury transcript for the FBI agent, the defendants indicated that they were interested in a single page, but that page contains almost no testimony from the witness and is instead largely colloquy between prosecutors and members of the grand jury. Those excerpts should remain subject to the protective order for the same reasons they are protected by Rule 6(e). With respect to the transcript for the Secret Service agent, in the conferral process, the defendants indicated five pages of testimony that they were interested in. Those five pages include numerous references, by name, to prospective Government witnesses; they should remain under seal as Grand Jury material protected by Rule 6(e), and also to protect the witnesses whose names appear. In substance, these pages discuss an email chain that should itself also remain sealed, for the reasons discussed next.

Third, the defendants intend to refer to and quote a U.S. Secret Service email chain that they identified to the Government during the conferral process. ECF No. 312 at 3. The emails are paradigmatic Jencks Act material for potential Government witnesses and as explained at length elsewhere (ECF No. 294 at 8, 12-15), at this point they should be kept from public view not only to protect those witnesses from harassment and intimidation, but also to prevent exposing other potential witnesses to the information.

Fourth and finally, the defendants intend to refer to what they call "a record produced by the U.S. Secret Service which includes a floorplan of President Trump's residential area at Mar-a-Lago." ECF No. 312 at 3. But this is not just any "record." It is a memorandum prepared by Secret Service personnel following a Residential Security Survey of Mar-a-Lago in April 2021. It

4

is labeled "Law Enforcement Sensitive" for good reason—it contains details of the Secret Service's security assessment of Mar-a-Lago, vulnerabilities, and requested upgrades. The floorplan to which the defendants refer appears in a diagram on a single page of the 23-page document. The Government proposed that the defendants include only the page with the diagram and redact the narrative text below it. For obvious reasons, any publication of this document should be carefully tailored to avoid unnecessarily publicizing sensitive information about the Survey, and the Court should deny defendants' proposed wholesale unredacted publication of it.

For the foregoing reasons and those explained in ECF Nos. 267 and 294, the Court should deny the defendants' Motion for Leave to Disclose Discovery.

                    Respectfully submitted,

                    JACK SMITH
                    Special Counsel
                    N.Y. Bar No. 2678084

By:    /s/ *Jay I. Bratt*
        Jay I. Bratt
        Counselor to the Special Counsel
        Special Bar ID #A5502946
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530

        David V. Harbach, II
        Assistant Special Counsel
        Special Bar ID #A5503068

### CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

                    /s/ *David V. Harbach, II*
                    David V. Harbach, II