UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

_____/

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO STANDING DISCOVERY ORDER

The United States of America, by and through the Special Counsel's Office, files this pleading to supplement prior responses (ECF Nos. 30, 59, 80, 92, 113, 122, 143, 172, 184, 190, 199, 204, 235, 253, 273, 291, 330) to the Standard Discovery Order, issued on June 13, 2023 (ECF No. 16). This pleading complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

Per the protective order issued in this case (ECF No. 27), the Government has provided twelve prior productions of unclassified discovery to Defendants Donald J. Trump, Waltine Nauta, and Carlos De Oliveira. *See* ECF Nos. 30, 59, 80, 92, 113, 122, 143, 172, 184, 235, 253, 273, 291, 330. On March 4, 2024, the Government provided a thirteenth production of unclassified discovery to counsel for Defendants ("Production 13"). Production 13 consists of approximately

78 pages and includes two items: (1) the warrant application for an account associated with Defendant Nauta,[1] and (2) memorialization of an interview conducted on February 9, 2024.

The Government responds to the specific items identified in the standing discovery order as set forth below.

- B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

- C. The Government is providing information or material known to the United States that may be favorable to either defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), or *United States v. Agurs*, 427 U.S. 97 (1976).

- D. The Government has disclosed and will continue to disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

- J. The Government's discovery productions include the grand jury testimony and recordings of witnesses who may testify for the Government at the trial of this case.

The Government is aware of its continuing duty to disclose newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

Respectfully submitted,

JACK SMITH
Special Counsel

By:   */s/ Jay I. Bratt*
Jay I. Bratt

---

[1] A redacted version is available online, *see* ECF No. 359 at 7 n.1 (citing *In re Sealed Search Warrant*, No. 9:22-mj-08550-BER (Aug. 28, 2023)), but the unredacted version was inadvertently not previously produced in discovery. The search warrant returns and property receipt were previously produced in discovery.

2

        Counselor to the Special Counsel
        Special Bar ID #A5502946
        950 Pennsylvania Avenue, NW
        Washington, D.C. 20530

        Julie A. Edelstein
        Senior Assistant Special Counsel
        Special Bar ID #A5502949

        David V. Harbach, II
        Assistant Special Counsel
        Special Bar ID #A5503068

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Julie A. Edelstein*
Julie A. Edelstein
Senior Assistant Special Counsel