UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**DONALD J. TRUMP,
WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA,**

    Defendants.
_____/

**GOVERNMENT'S RESPONSE TO MEESE AMICI CURIAE BRIEF
IN SUPPORT OF DONALD J. TRUMP'S
MOTION TO DISMISS BASED ON
THE APPOINTMENT OF THE SPECIAL COUNSEL**

**TABLE OF CONTENTS**

I.   The Court Is Not Required to Decide Trump's Challenge to the Special Counsel's Authority Before Deciding the Other Dismissal Claims ................................................... 2

II.  The Special Counsel Is an Inferior Officer Under the Appointments Clause ..................... 4

    A.   An inferior officer is one who reports to and is supervised by a superior officer ................................................................................................................. 4

    B.   The Special Counsel reports to and is supervised by the Attorney General and is therefore an inferior officer ................................................................. 6

        1.   The Special Counsel is subject to supervision and oversight ................................ 6

        2.   The Special Counsel is removable by the Attorney General ................................. 8

        3.   The Special Counsel's decisionmaking authority is subject to review and correction ........................................................................................................ 8

        4.   The Attorney General retains authority to revoke the Special Counsel regulation or amend the order of appointment ........................................................ 9

III. Conclusion ........................................................................................................................ 10

Former Attorney General Edwin Meese III and others filed (ECF No. 364-1) an amicus brief ("Meese Amicus") in support of defendant Donald J. Trump's claim (ECF No. 326 at 1-7) that the Special Counsel lacks the legal authority to prosecute this case. To the extent the Meese Amicus echoes Trump's arguments that no statutory authority supports the Special Counsel's appointment, *see* ECF No. 326 at 3-6; ECF No. 364-1 at 5-13, and that the Supreme Court's decision in *United States v. Nixon*, 418 U.S. 683 (1974), is not dispositive on the question of whether the Attorney General has the statutory authority to appoint an independent or special counsel, *see* ECF No. 326 at 6-7; ECF No. 364-1 at 16-17, it fails for the reasons given in the Government's response to Trump's brief, *see* ECF No. 374 at 4-14. The Meese Amicus also advances two contentions not raised by Trump.[1] First, it claims (ECF No. 364-1 at 2-4) that the challenge to the Special Counsel's authority has a "quasi-jurisdictional character" that requires this Court to resolve that dismissal claim before any others. Second, the Meese Amicus argues (*id.* at 14-16) that under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, the Special Counsel is a principal officer who should have been (but was not) nominated by the President and confirmed by the Senate.

Those additional arguments are meritless. Although the Court can and should deny Trump's groundless challenge to the Special Counsel's authority to prosecute this case, no legal authority or precedent supports the Meese Amicus's contention that the Court must resolve that

---

[1] The Court is not required to address issues raised solely in an amicus brief. *See, e.g., Diné Citizens Against Ruining Our Environment v. Haaland*, 59 F.4th 1016, 1042 n.11 (10th Cir. 2023) ("This court has discretion to consider arguments raised solely in an amicus brief, but it should do so only in exceptional circumstances." (quotation marks omitted)); *see also Richardson v. Ala. State Bd. of Educ.*, 935 F.2d 1240, 1247 (11th Cir. 1991) ("In the absence of exceptional circumstances, amici curiae may not expand the scope of an appeal to implicate issues not presented by the parties to the district court. . . . Although this court granted amici's motion for leave to file a brief, the arguments raised only by amici may not be considered.").

particular claim before deciding any of the several other dismissal motions that Trump and the other defendants have filed. And as the Government noted (ECF No. 374 at 5 n.1) in response to Trump's failure to preserve the principal-officer argument that the Meese Amicus now asserts, the Special Counsel, who is subject to direction and supervision by a presidentially appointed and Senate-confirmed officer, is an inferior officer for whom presidential nomination and Senate confirmation is not required. Nothing in the Meese Amicus therefore supports Trump's dismissal motion.[2]

I. **The Court Is Not Required to Decide Trump's Challenge to the Special Counsel's Authority Before Deciding the Other Dismissal Claims**

Unlike Trump, the Meese Amicus contends (ECF No. 364-1 at 4) that the Court should decide Trump's challenge to the Special Counsel's authority before "resolving any other grounds for dismissal." It also urges (*id.*) the Court to act "with dispatch" and "with the expectation of an expedited appeal." There are indeed good reasons to resolve Trump's meritless challenge to the Special Counsel's authority—as well as his other pretrial dismissal claims—expeditiously. But the Meese Amicus is wrong as to what those reasons are. Although the Court certainly has the discretion to decide this issue first, the Meese Amicus's suggestion (ECF No. 364-1 at 2) that the claim bears some "quasi-jurisdictional character" that places it above "standard defenses" finds no support in *Freytag v. Comm'r*, 501 U.S. 868 (1991), the sole case on which the Meese Amicus relies.[3] In *Freytag*, the Supreme Court decided the Appointments Clause issue—whether special trial judges selected by the Chief Judge of the Tax Court could preside over trials in Tax Court—

---

[2] This response incorporates the background provided in the Government's opposition to Trump's motion to dismiss based on the appointment and funding of the Special Counsel. *See* ECF No. 374 at 1-3.

[3] The Meese Amicus also cites (ECF No. 364-1 at 3) *Powers v. Schwartz*, 587 F.2d at 783 (5th Cir. 1979), but that case involved a habeas petitioner whose challenge to her pretrial detention became moot after she was convicted and is inapposite here. *See* 587 F.2d at 784.

2

even though the petitioners had consented to special trial judges presiding in their cases. *Id.* at 878. The issue before the Supreme Court was one of issue preservation, not jurisdiction. The Court was not required to decide the "nonjurisdictional" Appointments Clause claim but concluded that *Freytag* presented "one of those rare cases" in which to exercise its discretion to overlook the petitioners' waiver given that the constitutional challenge there was "neither frivolous nor disingenuous." *Id.* at 878-79; *see id.* at 893 ("Appointment Clause claims, and other structural constitutional claims, have no special entitlement to review.") (Scalia, J., concurring in part and concurring in judgment); *Edd Potter Coal Co. v. Director, Office of Workers Comp. Programs, U.S. Dep't of Labor*, 39 F.4th 202, 207 (4th Cir. 2022) (collecting cases and explaining that "Appointments Clause challenges are not jurisdictional").

Nothing in *Freytag* supports leapfrogging this motion ahead of Trump's other dismissal motions. Neither Trump's challenge nor the Meese Amicus's additional theories are novel or meritorious; to the contrary, every court that has considered them has rejected them—including authoritative decisions by the Supreme Court. And resolving the validity of the Special Counsel's appointment would not lead to an accelerated appellate proceeding if Trump's claim failed. Unlike with a non-frivolous immunity claim, Trump would have no right to an interlocutory appeal should the Court deny his Appointments Clause challenge. *See* ECF No. 376 at 20-21.[4] Accordingly, the Court can and should exercise its discretion to resolve all of Trump's dismissal motions in the order that the Court finds most efficient—as the Court has already begun to do. *See* ECF No. 402 (denying without prejudice Trump's motion to dismiss on vagueness grounds).

---

[4] If, by contrast, the Court were to grant Trump's dismissal motion, the Government would be entitled to interlocutory review. *See* 18 U.S.C. § 3731.

3

**II.     The Special Counsel Is an Inferior Officer Under the Appointments Clause**

The Constitution's Appointments Clause provides the means for appointing all officers of the United States. U.S. Const. art. II, § 2, cl. 2. An officer must be nominated by the President and confirmed by the Senate. But Congress may "vest" the power to appoint "inferior Officers" in the President alone, courts, or a "Head[] of Department[]." *Id.* Although Trump contends otherwise, *see* ECF No. 326 at 3 (describing the Special Counsel as "[a]t best . . . an employee"), the Special Counsel is an officer and the Appointments Clause applies. *See Lucia v. SEC*, 585 U.S. 237, 245 (2018) (officers are those who "'exercis[e] significant authority pursuant to the laws of the United States'") (quoting *Buckley v. Valeo,* 424 U.S. 1, 126 (1976) (per curiam)). The Meese Amicus argues (ECF No. 364-1 at 14-16) that the Special Counsel's appointment was unconstitutional on the theory that he is a principal officer and therefore must be appointed by the President with the advice and consent of the Senate, which he was not. That argument fails. Under governing authority, the Special Counsel is an "inferior Officer" who may be appointed by the head of a department because he is subject to supervision and oversight by the Attorney General. That conclusion is confirmed by cases addressing prosecutors vested with authority comparable to the Special Counsel.

**A.     An inferior officer is one who reports to and is supervised by a superior officer**

Supreme Court authority establishes that the governing test for identifying an "inferior Officer" asks whether the official is subject to supervision and oversight by other officers appointed by the President with Senate consent. In *Morrison v. Olson,* 487 U.S. 654 (1988), the Supreme Court held that an independent counsel appointed by a Special Division of the D.C. Circuit under the Ethics in Government Act "clearly falls on the 'inferior officer' side" of the line separating principal and inferior officers. *Id.* at 671. The Court explained that the independent counsel was "subject to removal by a higher Executive Branch official" for good cause, which

"indicate[d] that [the independent counsel] [was] to some degree 'inferior' in rank and authority." *Id*. The independent counsel was also empowered "to perform only certain, limited duties" involving "investigation and, if appropriate, prosecution for certain federal crimes." *Id.* In addition, the independent counsel's office was "limited in jurisdiction," *id.* at 672, and temporary, in that the office is terminated when the independent counsel's "single task . . . is over." *Id.*

In *Edmond v. United States,* 520 U.S. 651, 666 (1997), the Supreme Court determined that civilian members of the Coast Guard Court of Criminal Appeals "are 'inferior Officers' within the meaning of" the Appointments Clause. Although two of the *Morrison* factors—narrow jurisdiction and limited tenure—did not apply to Coast Guard judges, the Court reasoned that *Morrison* did not articulate "a definitive test for whether an office is 'inferior' under the Appointments Clause." *Id.* at 661. Rather, the Supreme Court found it "evident that 'inferior officers' are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate." *Id.* at 663. Because the Judge Advocate General exercised administrative oversight over the Coast Guard Court of Criminal Appeals, which included the power to remove judges without cause, *id.* at 664, and the Court of Appeals for the Armed Forces could reverse the Coast Guard Court of Criminal Appeals' decisions, *id.* at 664-65, the Court concluded that the judges were "'inferior Officers,'" *id.* at 666.

In *Free Enterprise Fund v. Public Company Accounting Oversight Bd.*, 561 U.S. 477, 510 (2010), the Supreme Court described *Edmond* as holding that "[w]hether one is an inferior officer depends on whether he has a superior" (quotation marks omitted). The Court added, quoting *Edmond*, that "inferior officers are officers whose work is directed and supervised at some level by other officers appointed by the President with the Senate's consent." *Id.* (quotation marks omitted).

In *In re Grand Jury Investigation*, the D.C. Circuit applied these decisions to conclude that Special Counsel Robert Mueller, who was appointed by the Acting Attorney General under the same statutory and regulatory framework employed here, was an inferior officer. *See* 916 F.3d 1047, 1052-53 (2019). The same conclusion is warranted in this case.

**B.     The Special Counsel reports to and is supervised by the Attorney General and is therefore an inferior officer**

The Special Counsel is an "inferior Officer" under the Special Counsel regulation because the Attorney General supervises the Special Counsel's work, may remove him from office, and may review and countermand his decisions. And, as an additional means of exercising control, the Attorney General can rescind the regulation at any time, or amend the appointment order, and exercise direct statutory supervision over the Special Counsel.

**1.     The Special Counsel is subject to supervision and oversight**

First, the Special Counsel is subject to the Attorney General's supervision and oversight. The Special Counsel's work is overseen by the Attorney General, who appointed him and delegated to him powers that are otherwise vested in the Attorney General alone. *See* 28 U.S.C. §§ 509, 510; Appointment Order (introduction and ¶¶ (a)-(e)). And because "[a]ll functions of other offices of the Department of Justice . . . are vested in the Attorney General" 28 U.S.C. § 509, the Attorney General has plenary statutory authority to supervise the Special Counsel.

The regulatory provisions made applicable to the Special Counsel provide further means of direction and supervision. Appointment Order ¶ (e); *see United States v. Nixon,* 418 U.S. 683, 695-96 (1974) (while extant, the regulations bind the Executive Branch). While "[t]he Special Counsel shall not be subject to the day-to-day supervision of any official of the Department," 28 C.F.R. § 600.7(b), the regulation ensures "that ultimate responsibility for the matter [the Special Counsel is appointed to investigate and, if appropriate, prosecute] and how it is handled will

continue to rest with the Attorney General." *Office of Special Counsel*, 64 Fed. Reg. 37,038-01, 37,038 (July 9, 1999).

As an initial matter, the regulation instructs the Attorney General to define the Special Counsel's jurisdiction and requires the Special Counsel to obtain approval from the Attorney General if he "concludes that additional jurisdiction beyond that specified in his or her original jurisdiction is necessary in order to fully investigate and resolve the matters assigned, or to investigate new matters that come to light in the course of his . . . investigation." 28 C.F.R. § 600.4(a)-(b). "The Special Counsel regulations also make clear that the Special Counsel remains subject to the Attorney General's oversight following the Special Counsel's appointment, notwithstanding the specific grant of original jurisdiction." *United States v. Manafort,* 321 F. Supp. 3d 640, 654 (E.D. Va. 2018). For example, in operating within his assigned jurisdiction, the Special Counsel must "comply with the rules, regulations, procedures, practices and policies of the Department of Justice," including "required review and approval procedures by the designated Departmental component[s]." 28 C.F.R. § 600.7(a). As the investigation progresses, the Special Counsel is required to "notify the Attorney General of events in the course of his . . . investigation in conformity with the Departmental guidelines with respect to Urgent Reports," 28 C.F.R. § 600.8(b), which require, among other things, advance reports of "major developments in significant investigations and litigation." Justice Manual § 1-13.100. And if requested, the Special Counsel must "provide an explanation for any investigative or prosecutorial step" to the Attorney General. 28 C.F.R. § 600.7(b). The Special Counsel may not take any action that the Attorney General finds "is so inappropriate or unwarranted under established Departmental practices that it should not be pursued." *Id.* The regulation thus "explicitly acknowledge[s] the possibility of

7

review of specific decisions reached by the Special Counsel." *Office of Special Counsel*, 64 Fed. Reg. at 37,038.

### 2. The Special Counsel is removable by the Attorney General

The Attorney General's broad power to remove the Special Counsel under the regulation also supports the conclusion that he is an inferior officer. The Special Counsel is removable for "misconduct, dereliction of duty . . . or for other good cause, including violation of Departmental policies." 28 C.F.R. § 600.7(d). The Special Counsel may also be removed by the Attorney General's decision to terminate the investigation at the end of a fiscal year, *id.* § 600.8(a)(2), which would automatically close the Special Counsel's office. The Attorney General's power to end an investigation through removal of the Special Counsel serves as a strong mechanism for control.

### 3. The Special Counsel's decisionmaking authority is subject to review and correction

The Special Counsel is also not a principal officer under the regulation because he does not have unlimited authority to make final decisions on behalf of the United States. *See* 28 C.F.R. § 600.7(b). The scope of Attorney General review of Special Counsel decisionmaking is "narrower" than plenary review, but "[t]his limitation upon review does not . . . render the [Special Counsel a] principal officer[]." *Edmond*, 520 U.S. at 665. "What is significant is that the [Special Counsel] ha[s] no power to render a final decision on behalf of the United States unless permitted to do so by other Executive officers." *Id.*

The Meese Amicus contends (ECF No. 364-1 at 15) that the Special Counsel has the authority to make final decisions on behalf of the United States because the regulation does not require the Special Counsel to seek approval or get permission from the Attorney General before making final decisions. That was also true of United States commissioners—who could issue warrants for the arrest and detention of defendants—but who nonetheless "are inferior officers."

8

*Go-Bart Importing Co. v. United States,* 282 U.S. 344, 352 (1931).  And it is true for United States Attorneys, 28 U.S.C. § 547, who are also inferior officers.  *See United States v. Hilario*, 218 F.3d 19, 25-26 (1st Cir. 2000); *United States v. Gantt,* 194 F.3d 987, 999 (9th Cir. 1999), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008); *United States Attorneys—Suggested Appointment Power of the Attorney General—Constitutional Law (Article II, § 2, cl. 2)*, 2 Op. O.L.C. 58, 59 (1978) ("U.S. Attorneys can be considered to be inferior officers"); *see also United States v. Hernandez*, No. 87-CR-582, 1998 WL 36016943, at *2 (S.D. Fla. May 5, 1998) (concluding that an interim United States Attorney is an inferior officer); *cf. Myers v. United States,* 272 U.S. 52, 159 (1926).  In reality, few inferior-officer positions require a supervisor to review every single decision.  *See, e.g.*, *Edmond*, 520 U.S. at 665.  Thus, the Special Counsel's authority to act without obtaining advance approval of every decision cannot transform the Special Counsel into a principal officer, requiring presidential appointment and Senate confirmation.

### 4. The Attorney General retains authority to revoke the Special Counsel regulation or amend the order of appointment

Although the Special Counsel regulation has the force of law while in effect, it may also be revoked in the Attorney General's sole discretion.  *See Nixon*, 418 U.S. at 696 (noting that "it is theoretically possible for the Attorney General to amend or revoke the regulation defining the Special Prosecutor's authority"); *In re Sealed Case*, 829 F.2d 50, 56 (D.C. Cir. 1987) ("[T]he Independent Counsel: Iran/Contra serves only for so long as the March 5, 1987, regulation remains in force.  Subject to generally applicable procedural requirements, the Attorney General may rescind this regulation at any time, thereby abolishing the Office of Independent Counsel: Iran/Contra.").  The regulation was issued as a rule "relat[ing] to matters of agency management or personnel" and "therefore exempt from the usual requirements of prior notice and comment and

9

a 30-day delay in the effective date," *Office of Special Counsel*, 64 Fed. Reg. at 37,041; the regulation could likewise be amended or eliminated without notice-and-comment rulemaking, *see* 5 U.S.C. § 553(a)(2). Thus, "to the extent that the regulations threaten to impair the . . . Attorney General's ability to direct and supervise the Special Counsel, the Department of Justice may simply rescind or revise the regulations at any time." *United States v. Concord Management & Consulting LLC*, 317 F. Supp. 3d 598, 615 (D.D.C. 2018); *see In re Grand Jury Investigation*, 315 F. Supp. 3d 602, 628 (D.D.C. 2018) ("shackles the Attorney General may remove anytime, for any reason, do not meaningfully restrict"). And without amending the regulation, the Attorney General could at any time amend the order appointing the Special Counsel to change its terms. That power provides an additional way for the Attorney General to exercise supervisory authority. Both of those approaches, which are within the Attorney General's discretion, confirm that—unlike an officer who has statutory independence from supervision, the Special Counsel is not a principal officer.

### III.   Conclusion

For foregoing reasons and those stated in the Government's opposition (ECF No. 374), the Court should deny Trump's motion to dismiss the Superseding Indictment on the ground that the Special Counsel lacks authority to prosecute this case.

                                            Respectfully submitted,

                                            JACK SMITH
                                            Special Counsel
                                            N.Y. Bar No. 2678084

By:    /s/ *Jay I. Bratt*
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

James I. Pearce
Assistant Special Counsel
Special Bar ID #A5503077

March 15, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.

/s/ *Jay I. Bratt*
Jay I. Bratt