UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.23-80101-CR-CANNON

UNITED STATES OF AMERICA

v.

CARLOS DE OLIVEIRA
        Defendant.
_____/

## REPLY BY CARLOS DE OLIVEIRA TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO DISMISS THE INDICTMENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS

Carlos De Oliveira, through undersigned counsel, respectfully submits this reply to the Government's Opposition (ECF No. 372) in further support of his Motion to Dismiss the Indictment as to him, or in the Alternative for a Bill of Particulars (ECF No. 323).

In its Opposition, the Government correctly argues that "[t]here is no summary judgment procedure in criminal cases . . . . [and] [t]he sufficiency of a criminal indictment is determined from its face [and is] sufficient if it charges in the language of the statute." (ECF No. 372 at 6 (citing *United States v. Critzer*, 951 F.2d

306, 307 (11th Cir. 1992)).[1] It is also understood, as the Government notes in its Opposition, that a request for dismissal on the basis of sufficiency of the evidence is proper under Fed. R. Crim. P. 29 after the Government's case-in-chief, and Mr. De Oliveira will certainly avail himself of that opportunity should this matter proceed to trial. Mr. De Oliveira is not arguing, at this stage, about the sufficiency of the evidence. Rather, he argues that the conduct alleged in Superseding Indictment – even if conceded as true for present purposes – fails to comply with Fed. R. Crim. P 7(c)(1)'s requirement of "a plain, concise, and definite written statement of the essential facts" constituting the offenses charged in Counts 33 (Conspiracy to Obstruct Justice), 40 (Obstruction of Justice), 41 (Obstruction of Justice), and 42 (False Statements).

An Indictment must "(1) present[] the essential elements of the charged offense, (2) notify the accused of the charges to be defended against, and (3) enable the accused to rely upon a judgment under the indictment as a bar against double

---

[1] *Critzer* also acknowledges that "[s]ome district judges conduct what amounts to a bench trial … at which the judge accepts proffers of evidence as though taken at a formal trial. If the evidence is insufficient to support a conviction, on the basis of indictment and evidence, the judge then dismisses the indictment and enters a judgment of acquittal;" and that "[o]ther judges hear proffers of evidence and, while denying dismissal because of the four corners rule, seek to induce dismissal by the government with prejudice, by notifying the prosecution that if it proceeds to trial on no more evidence than has been proffered it can expect a motion for judgment of acquittal to be granted." *Id*. at 308 n. 2. Mr. De Oliveira would welcome either option in the event that the Court is disinclined to grant the instant motion outright.

jeopardy for any subsequent prosecution for the same offense." *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002). Even when it "tracks the language of the statute, it must be accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged;" and an obstruction charge under 18 U.S.C. 1512(c) "must identify which official proceeding was obstructed and otherwise provide sufficient notice to the defendant of the factual predicate for the charge." *United States v. McGarity*, 669 F.2d 1218, 1236, 1238 (11th Cir. 2012).

### I. The Superseding Indictment Fails to Allege an Offense Against Mr. De Oliveira With Respect to the Boxes

The Superseding Indictment does not allege that Mr. De Oliveira ever knew about the classified documents at issue in this case, and the Government has conceded as much. *See, e.g., Government's Unclassified Brief Regarding its Classified Ex Parte, In Camera, Under Seal Motions for an Order Pursuant to CIPA Section 4 and Fed. R. Crim. P 16(d)(1) With Respect to Defendants Nauta and De Oliveira* (ECF No. 349-1 p. 8 ("The Indictment nowhere alleges that De Oliveira was aware of the contents of the boxes he moved.")). The Superseding Indictment also states that Mssrs. Nauta and De Oliveira "brought to the storage Room only approximately 30 boxes" on June 2, 2022 (ECF No. 85 at ¶ 62), within hours of Trump Attorney 1's review of the boxes in the Storage Room. *Id*. at ¶¶ 63, 65. The Superseding Indictment specifically excludes Mr. De Oliveira from the prior

3

movement of approximately 64 boxes out of the Storage Room between May 24, 2022, and June 1, 2022 (even if there was some nefarious purpose for doing so, which the Superseding Indictment also fails to allege). ECF No. 85 at ¶ 59.

The Superseding Indictment makes no mention of Mr. De Oliveira being made aware of the May 11. 2022, grand jury subpoena demanding documents with classified markings, and it makes no allegation that Mr. De Oliveira was aware of the contents of the boxes that he helped move on June 2, 2022. Indeed, according to the facts alleged in the Superseding Indictment, Trump Attorney 1 would have reviewed precisely the documents that Mr. De Oliveira *did* help move into the Storage Room, and not any documents that are alleged to have *not* been in the Storage Room.

Presumably, that is why Mr. De Oliveira is not charged in any of the substantive counts related to retaining classified information (Counts 1-32) or obstruction related to "moving boxes that contained documents with classified markings so that Trump Attorney 1 would not find the documents and produce them to a grand jury" (Counts 34-35). He is also not charged in the counts related to the certification about the search for responsive records (Counts 36-40).

And yet, Mr. De Oliveira is alleged in Count 33 to have engaged in a conspiracy, "[t]he purpose of [which] was for Trump to keep classified documents

4

he had taken with him from the White House and to hide and conceal them from a federal grand jury." ECF No. 85 at ¶ 96.

## II. The Superseding Indictment Also Fails to Allege an Offense Against Mr. De Oliveira With Respect to Mar-a-Lago Security Footage

The Government's apparent response to this infirmity is that Count 33 is supported by the allegations contained in Counts 40 and 41, which "specifically allege that De Oliveira requested that another Trump employee delete security camera footage at Mar-a-Lago in order to prevent the footage from being provided to a grand jury" (ECF No. 372 at 10), and which is referenced as one of the seven actions listed in the "Manner and Means of the Conspiracy" in Count 33.

To start, it would certainly be helpful for the Government to confirm, through a bill of particulars, that it is not alleging that Mr. De Oliveira engaged in any of the other six actions listed as "Manner and Means of the Conspiracy."[2] As to Obstruction charged in Counts 40 and 41, the Superseding Indictment again does not even claim that Mr. De Oliveira was aware of the existence of any government investigation or the June 24, 2022, grand jury subpoena for security footage at the time of his alleged

---

[2] To the extent that the Government might argue that Mr. De Oliveira also engaged in making false and misleading statements to the FBI as a manner and means of the conspiracy, they would need to explain how Mr. De Oliveira's statement to the FBI in January 2023 about his knowledge of the details of former President Trump's move to Mar-a-Lago in January 2021 were both false and intended to further the goal of the alleged conspiracy. If the Government intends to rely on any other allegedly false statement by Mr. De Oliveira to support Count 33, it should be required to articulate that in a bill of particulars.

5

conversation with Trump Employee 4, and the Government does not so assert in its opposition (nor would they have any basis to). Even assuming, for the moment, that Trump Employee 4 was finally telling the truth, as the Government claims, the Superseding Indictment stated that Mr. De Oliveria asked him "how many days the server retained footage." ECF No. 85 at ¶ 84(a). It then states that Mr. De Oliveira informed Trump Employee that "the boss" wanted the server deleted. Again, even assuming the veracity of Trump Employee 4, the Superseding Indictment fails to allege that Mr. De Oliveira "requested that Trump Employee 4 delete security camera footage," let alone that he did so "to prevent the footage from being provided to a federal grand jury," as alleged in Counts 40 and 41, or "to conceal the footage from the FBI and grand jury," as alleged in Count 33.

Instead, the Government argues that there is no authority for the proposition that an indictment must "allege a defendant's awareness of the details contained in a subpoena; that a defendant have specialized knowledge about the contours of what might be considered responsive to a subpoena, or that a defendant … must be aware of the extent of anyone's preservation obligations." ECF No. 372 at 8. Yet, the Government acknowledges that it must prove that "the defendant knew or foresaw *an* official proceeding" or that Mr. De Oliveira "knew that his actions were likely to affect it." *Id*. at 10 (quoting *United States v. Friske*, 640 F.3d 1288, 1292 n.5 (11th Cir. 2011)) (emphasis added by the Government).

Nothing in the Superseding Indictment or the Government's Opposition satisfies *McGarity's* requirement of a "statement of facts and circumstances as will inform the accused of the specific offense" and that an indictment "identify which official proceeding was obstructed and otherwise provide sufficient notice to the defendant of the factual predicate for the charge." The facts alleged in the Superseding Indictment utterly fail to show that Mr. De Oliveira was capable of forming the required "corrupt" criminal intent to support the Obstruction offenses charged in counts 33, 40, and 41, or that Mr. De Oliveira "knowingly" conspired and agreed with his alleged co-conspirators as summarily stated in Count 33. The Superseding Indictment fails to even assert that Mr. De Oliveira was aware of the Government's investigation at all, let alone that a grand jury had issued subpoenas related to either classified documents or security video. Far from imposing, as the Government argues, "such detailed knowledge requirements" (ECF No. 372 at 8), the Superseding Indictment should at least be required to articulate *a* knowledge requirement.

The Government correctly notes that "a conspirator need not participate in all aspects of a conspiracy." ECF No. 372 at 7. However, a conspiracy must have an unlawful purpose, and a participant in a conspiracy to obstruct justice must knowingly agree and act corruptly in furtherance of that goal. *See United States v. Bobo*, 344 F.3d 1076, 1084 (11th Cir. 2003) (vacating a healthcare fraud conviction

where the indictment "contain[ed] no indication of what the government contended was unlawful about [the defendant's] conduct" and failed to specify the scheme to defraud or articulate a fraud in connection with the delivery of health care services). The Superseding Indictment as to Mr. De Oliveira fails on its face to allege that Mr. De Oliveira knowingly agreed with anyone to do anything unlawful.[3]

### III. Mr. De Oliveira's Statement in Count 42 was Neither False Nor Material

In its Opposition, the Government contends that Mr. De Oliveira gave "unambiguous" responses to an FBI agent's "straight forward" questions on January 13, 2023, about events that occurred two years earlier. The colloquy quoted in Count 42 demonstrates on its face that is not the case. That colloquy is also quoted in the Superseding Indictment with ellipses that edit out important context for Mr. De Oliveira's statement, and it fails to mention Mr. De Oliveira's other statements in that interview with respect to the items at issue.

The facts alleged in the indictment fail to articulate any clear statement, let alone a false one. Mr. De Oliveira conveyed to the agent the truth – *i.e.*, that he had no real involvement in President Trump's move to Mar-a-Lago, to include "this

---

[3] The Government notes that the Superseding Indictment charges Aiding and Abetting under 18 U.S.C. § 2 as an alternative theory of liability. ECF No. 372 at 10 n. 3. That theory similarly fails because that statute requires that "a person actively participates in a criminal venture with full *knowledge* of the circumstances constituting the charged offense." *United States v. Coates*, 8 F.4th 1228, 1247 (11th Cir. 2021) (quoting *Rosemond v. United States*, 572 U.S. 65, 77 (2014)) (emphasis in original).

stuff" and "personal stuff, like, his clothes … and furniture," and that he had no idea what went where once it arrived at Mar-a-Lago. In order to instead have intended "to distance himself as much as possible from the boxes that were at the center of the FBI's investigation" (ECF No. 372 at 13) (which is not alleged in the Superseding Indictment and would itself require evidence beyond its four corners), the agent would have needed to include information about the nature of what he was looking for in his questions, which he did not. It was the agent's burden "to pin the witness down to the specific object" of his inquiry, *Bronston v. United States*, 409 U.S. 352, 360 (1973), and not Mr. De Oliveira's burden to guess what the agent was really trying to ask him about.

For the same reason, Count 42 fails to articulate how Mr. De Oliveira's statement could possibly have been material to the government's investigation. The FBI presumably was not investigating where Mr. Trump's clothes or furniture went once they arrived at Mar-a-Lago, and without any explanation to Mr. De Oliveira about what the other "stuff" might have been, it is difficult to understand how Mr. De Oliveira's answers could have possibly been material to an investigation about the location of classified materials two years later – materials that the Superseding Indictment itself explains were moved in the early summer of 2022.

## IV. Alternatively, a Bill of Particulars is Necessary

To the extent that the Court is unwilling to dismiss the charges against Mr. De Oliveira outright at this early stage, a bill of particulars is necessary to notify Mr. De Oliveira of the charges to be defended against. *See United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002).

The information that Mr. De Oliveira seeks, which is listed in his Motion (ECF No. 323 at 15-17), should be simple for the Government to articulate in a bill of particulars. Far from being used "as a weapon to force the government into divulging its prosecution strategy or to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it relies at trial" (ECF No. 372 at 15), the information is necessary to properly advise Mr. De Oliveira as to what the Government claims his unlawful acts were. The Superseding Indictment alone simply fails to provide that required due process.

Wherefore, Mr. De Oliveira respectfully requests that the Court dismiss the Superseding Indictment or, in the alternative, require the Government to file a Bill of Particulars pursuant to Fed. R. Crim. P. 7(f).

Dated: February 24, 2024

        Respectfully Submitted

        */s Larry Donald Murrell, Jr.*
        LARRY DONALD MURRELL, JR.
        FLORIDA BAR NO: 326641
        400 Executive Center Drive
        Suite 201—Executive Center Plaza
        West Palm Beach, FL 33401
        Telephone: 561.686.2700
        Facsimile: 561.686.4567
        Email: ldmpa@bellsouth.net

        */s John S. Irving, IV*
        JOHN S. IRVING, IV
        D.C. Bar No 460068 (Admitted Pro Hac Vice)
        E&W Law
        1455 Pennsylvania Avenue, N.W.
        Suite 400
        Washington, D.C. 20004
        Telephone: 301-807-5670
        Email: john.irving@earthandwatergroup.com

        Attorneys for Defendant Carlos De Oliveira

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which in turn serves counsel of record via transmission of Notices of Electronic Filing.