UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

vs.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

        Defendants.

Case No. 23-80101-CR
CANNON/REINHART

**PRESIDENT DONALD J. TRUMP'S MOTION FOR AN ADJOURNMENT OF THE DEADLINES FOR DEFENDANTS' RULE 16 EXPERT DISCLOSURES AND CIPA § 5(a) NOTICE**

President Donald J. Trump respectfully submits this motion seeking an adjournment of the recently set May 9, 2024 deadlines for Defendants' Rule 16 expert disclosures and CIPA § 5(a) Notice. ECF No. 439.[1] The requested adjournment is necessary because the trial in *People v. Trump*, Ind. No. 71543-2023, begins on April 15, 2024, and is expected to take at least six weeks. *See* ECF Nos. 406, 421. As explained below, the May 9 deadlines would deny President Trump his constitutional right to participate in critical aspects of his defense, and infringe on his constitutional right to counsel of his choice in this case. Accordingly, President Trump respectfully requests an adjournment of the May 9, 2024 deadlines until three weeks after the conclusion of the trial in *People v. Trump*.

---

[1] The Special Counsel's Office has indicated, without explanation, that they "cannot agree" to this application. Defendants Waltine Nauta and Carlos De Oliveira join in this application and plan to file an additional submission based on an additional scheduling conflict.

## APPLICABLE LAW

"The Sixth Amendment right to counsel guarantees a defendant both a fair opportunity to be represented by counsel of his choice and a sufficient time within which to prepare a defense." *United States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005). "The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *United States v. Nunez*, 1 F.4th 976, 991 (11th Cir. 2021).

"[A]n essential part of that right is the accused's ability to select the counsel of his choice." *United States v. Ross*, 33 F.3d 1507, 1522-23 (11th Cir. 1994) (citing *Powell v. Alabama*, 287 U.S. 45, 53, (1932)). So substantial is the constitutional right to choice of counsel that "in a criminal case, an erroneous order disqualifying the lawyer chosen by the defendant should result in virtually automatic reversal." *United States v. Urbana*, 770 F. Supp. 1552, 1556 (S.D. Fla. 1991).

"[I]nsistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *Baker*, 432 F.3d at 1248 ("The Sixth Amendment right to counsel guarantees a defendant both a fair opportunity to be represented by counsel of his own choice and a sufficient time within which to prepare a defense. . . . [D]enial of a continuance request can in some cases amount to a violation of this due process right to counsel . . . ." (cleaned up)); *see also United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) ("While we appreciate the heavy case loads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality.").

## DISCUSSION

The requested adjournment is appropriate in light of the upcoming trial in *People v. Trump*. The May 9 deadlines will require lengthy classified submissions and extensive time in a SCIF to prepare and discuss those submissions, which is time President Trump and his attorneys simply do not have during the trial that is about to begin in New York.

For example, the Special Counsel's Office filed a long, classified expert notice that we must access in Florida and address in connection with efforts to identify defense experts. *See* ECF No. 256. In addition, while classified discovery in this case is not complete, CIPA § 5(a) is not limited to documents produced in discovery. Rather, the statute requires defendants to provide notice of all "classified information" that the defense "expects to disclose or to cause the disclosure of" at trial, or during any "pretrial proceeding"—none of which are currently scheduled. The deadline therefore requires classified strategic discussions, analysis, and writing regarding alleged "classified information," in addition to the documents that have been produced in discovery, which may be disclosed during trial or a hearing through cross-examination of potential witnesses who testify on behalf of the Special Counsel's Office or the defense. None of these required tasks can be completed outside a SCIF in Florida. In addition to approximately one day of travel time to and from the facility, the defense expects that it will take at least seven business days in a SCIF to complete the expert disclosures and CIPA § 5(a) Notice required by the Court's deadline.

President Trump has a constitutional right to be present at the trial in New York and, as a result, cannot participate in this work relating to important parts of his defense. The Court recognized this at the March 1, 2024 hearing: "It's not just the choice of counsel . . . it's the accused's right to be present and participate. . . . And so that has to come into the equation to some extent within reason."  3/1/24 Tr. 22.

President Trump's right to choice of counsel is equally important under the current circumstances, and lawyers are entitled to reasonable accommodations of their professional and personal schedules even when calendar conflicts do not, as here, implicate the constitutional rights of the same defendant. Critical members of President Trump's defense team in this case, Todd Blanche and Emil Bove, are also lead counsel to President Trump at the trial in New York. Mr. Bove is principally responsible for all classified and CIPA litigation in this case on behalf of President Trump. Given Mr. Bove's expertise and extensive experience with these types of matters and his critical role in this aspect of the defense, denying President Trump Mr. Bove's strategic guidance would be both unjust and highly prejudicial. President Trump made these decisions about the composition of his defense team in both cases at a time when there were no scheduling conflicts. Neither President Trump nor his counsel can be in both places at once.[2]

Finally, on February 29, 2024, the defense proposed a schedule that reflected a significant commitment to completing work necessary to the resolution of pending motions prior to the start of the trial. ECF No. 357. President Trump and counsel made those proposals in an effort to demonstrate our commitment to defending this case on the merits—notwithstanding false claims of dilatory intent and other inaccurate personal attacks from the Special Counsel's Office—despite the fact that the dates we proposed detracted from our ability to devote time and attention to preparations for the New York trial. While not all of our proposed dates were adopted, substantial work was completed in March 2024, including lengthy hearings on March 1 and March 14, significant briefing on pending motions, *see, e.g.*, ECF Nos. 398-99, 413-16, and supplemental submissions in response to the Court's March 18, 2024 Order, *see* ECF Nos. 407, 427. That work

---

[2] Mr. Kise will also be unavailable during portions of the relevant time period due to a planned and necessary medical procedure which will limit his ability to work and travel.

has continued this month, including through a hearing on April 12, 2024 with Defendants Nauta and De Oliveira.

Through this adjournment request, as required by the Sixth Amendment and due process, President Trump is seeking to ensure his ability to defend against the 34 pending felonies at issue in the trial beginning on April 15, 2024. Moreover, in light of other pending motions in this case, we respectfully submit that no prejudice would result from granting the adjournment. Accordingly, President Trump respectfully requests an adjournment of the May 9, 2024 deadlines until three weeks after the conclusion of the trial in *People v. Trump*.

Dated: April 13, 2024

Respectfully submitted,

*/s/ Todd Blanche*
Todd Blanche (PHV)
toddblanche@blanchelaw.com
Emil Bove (PHV)
emil.bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall Street, Suite 4460
New York, New York 10005
(212) 716-1250

*/s/ Christopher M. Kise*
Christopher M. Kise
Florida Bar No. 855545
ckise@continentalpllc.com
CONTINENTAL PLLC
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707

*Counsel for President Donald J. Trump*

## CERTIFICATE OF SERVICE

      I, Christopher M. Kise, certify that on April 13, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Christopher M. Kise*
Christopher M. Kise
