UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP**,
**WALTINE NAUTA**, and
**CARLOS DE OLIVEIRA**,

    Defendants.
_____/

## ORDER SETTING SECOND SET OF PRE-TRIAL DEADLINES/HEARINGS

Following the Court's prior Order setting the first batch of substantive pre-trial deadlines, the Court hereby establishes the second set of pre-trial deadlines to manage pending discovery and disclosure matters, adjudicate pre-trial motions before the Court, and advance through additional stages of the Classified Information Procedures Act (CIPA) as implicated in this complex-designated case:

| | |
|---|---|
| **Sealed Hearing on Grand Jury Matters (Telephonic)** | May 8, 2024 (2 p.m.) |
| **Resolution of Pending Seal Requests [ECF Nos. 348, 384] (Subject to Any Necessary Rule 6(e) Hearings)** | May 20, 2024 |
| **Non-Evidentiary Hearing on Defendant Nauta's Motion to Dismiss for Selective and Vindictive Prosecution [ECF No. 485]** | May 22, 2024 (10 a.m.) |

CASE NO. 23-80101-CR-CANNON

| | |
|---|---|
| **Non-Evidentiary Hearing on Defendants' Motion to Dismiss Indictment for Insufficient Pleading [ECF No. 352]** | May 22, 2024 (1:30 p.m.) |
| **Discovery Status Reports (Special Counsel; Consolidated Defense)[1]** | May 31, 2024 |
| **Defendants' Rule 16 Expert Disclosures** | June 10, 2024 |
| **CIPA § 5 Notice as to All Defendants[2]** | June 17, 2024 |
| **Non-Evidentiary Hearing on Motion to Dismiss Indictment Based on Unlawful Appointment and Funding of Special Counsel [ECF No. 326][3]** | June 21, 2024 (9:30 a.m.) |
| **Partial Evidentiary Hearing on Defendants' Consolidated Motions to Compel Discovery and to Define Scope of Prosecution Team [ECF No. 469][4]** | June 24–26, 2024 (10 a.m.) |
| **Special Counsel's Supplemental Expert Disclosures (if any)** | July 9, 2024 |
| **Special Counsel's CIPA § 6(a) Defense Reciprocal Discovery** | July 10, 2024 |

---

[1] These reports, other than updating the Court on the status of discovery, should include any progress on contested issues set forth in Defendants' Motions to Compel or other outstanding discovery disputes.

[2] Although notice under CIPA § 5 ordinarily should not be due until resolution of all outstanding discovery issues and CIPA § 4 proceedings, the Court sets this deadline to reasonably accommodate the Special Counsel's interest in proceeding to Section 6(a) for at least the bulk of discovery marked classified and produced to date. Nevertheless, to the extent an additional CIPA § 5 notice becomes necessary to account for subsequent developments not encompassed within the timeframes set forth in this Order, the Court will consider that request upon a showing of need.

[3] Any *amici* wishing to present oral argument during this hearing must seek leave of Court to do so no later than June 3, 2024.

[4] Pre-hearing order to follow.

2

| **Defendants' Combined Speedy Trial Report**[5] | July 19, 2024 |
|---|---|
| **Status Conference** | July 22, 2024<br>(10 a.m.) |
| **Supplemental CIPA § 4 Hearing**<br>**(Sealed/Ex Parte)** | July 22, 2024<br>(3 p.m.) |

The Court also determines that finalization of a trial date at this juncture—before resolution of the myriad and interconnected pre-trial and CIPA issues remaining and forthcoming—would be imprudent and inconsistent with the Court's duty to fully and fairly consider the various pending pre-trial motions before the Court, critical CIPA issues, and additional pretrial and trial preparations necessary to present this case to a jury.[6] The Court therefore vacates the current May 20, 2024, trial date (and associated calendar call), to be reset by separate order following resolution of the matters before the Court, consistent with Defendants' right to due process and the public's interest in the fair and efficient administration of justice.

In reaching this decision, the Court has fully evaluated the parties' positions as expressed during the March 1, 2024, conference and in related and subsequent filings [ECF Nos. 356–357, 369, 433, 452–453, 458, 507, 527]. The Court also reviewed the procedural posture of this case in light of the currently pending motions, which now consist of eight substantive pretrial motions (two of which have not been publicly docketed because of requests for sealing and redactions [ECF Nos. 324, 326, 348, 352, 384, 485, 508, 516]); extensive defense motions to compel discovery on a host of issues spanning hundreds of pages of classified and unclassified briefing

---

[5] The report shall include Defendants' respective positions on all excludable time from the speedy trial period and expressly indicate their specific position on subsequent waivers/assertions of speedy trial rights.

[6] *See generally* U.S. District Judge T.S. Ellis, III, THE NATIONAL SECURITY TRIALS: A JUDGE'S PERSPECTIVE, 99 Va. L. Rev. 1607 (2013).

and exhibits [ECF Nos. 263, 280, 300, 301, 469, 470, 475]; a contested motion to define and enforce the scope of the prosecution team for discovery purposes; and partially resolved CIPA § 4 litigation requiring a supplemental hearing to be set following resolution of certain aspects of Defendants' pending motions to compel [ECF No. 412].[7]  Finally, the Court has evaluated the statutory factors set forth in the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B), including the public's interest in the efficient administration of justice.  Upon such review, the Court finds that the ends of justice served by this continuance, through the last deadline specified in this Order, July 22, 2024, outweigh the best interest of the public and Defendants in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  Time under the Speedy Trial Act is therefore tolled—up to and including July 22, 2024—to permit adequate time for hearings and adjudication of substantive pretrial motions, discovery disputes, and CIPA issues, many of which present novel and difficult questions. 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)-(B) (directing judicial consideration of the needs of the proceeding, the complexity or unusual nature of the case, the need for adequate preparation for

---

[7] The Court has since held hearings and resolved Defendant De Oliveira's Motion to Dismiss Indictment, or, in the Alternative, for a Bill of Particulars [ECF No. 323]; Defendant Nauta's Motion for a Bill of Particulars [ECF No. 446]; Defendant Nauta's Motion to Dismiss Obstruction Counts (Counts 33–35, 40–41) for Unconstitutional Vagueness and for Failure to State a Claim [ECF No. 448]; Defendant Trump's Motion to Dismiss Indictment Based on Presidential Records Act [ECF No. 327] as joined by Defendants Nauta and De Oliveira [ECF Nos. 331, 403]; and Defendant Trump's Motion to Dismiss Counts 1–32 Based on Unconstitutional Vagueness [ECF No. 325; *See* ECF Nos. 404, 455].  The Court also held multiple days of CIPA § 4 hearings and issued orders resolving Defendants' Motions for Access to CIPA § 4 filings, granting the Special Counsel's CIPA § 4 Motions as to Defendants Nauta and De Oliveira, and granting in part the Special Counsel's CIPA § 4 Motion as to Defendant Trump [ECF Nos. 307–310, 336, 340, 346, 409, 412].  Separately, and continuing, the Court has ruled upon a plethora of redaction and sealing requests requiring careful review of lengthy *in camera* submissions; resolved a substantive Motion for Reconsideration filed by the Special Counsel; and addressed related filings by the Press Coalition on matters of public access, among other miscellaneous motions [ECF Nos. 261, 267, 269, 270–271, 278, 282, 283, 286, 294, 312, 333, 339, 348, 353, 355, 358, 369 (Hearing), 384, 423, 438, 440, 464, 474, 492, 503–505].

CASE NO. 23-80101-CR-CANNON

pretrial and trial proceedings, and the need to afford adequate time for effective preparation, accounting for the exercise of due diligence);  [*see also* ECF Nos. 83, 154; ECF No. 215 p. 3].[8]

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of May 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[8] Defendants have waived their rights to a speedy trial through their proposed trial timeframes of August 12 and September 9, 2024 [ECF No. 357; *see* ECF Nos. 433, 452, 507].