SEALED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101(s)-CR-CANNON

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONALD J. TRUMP,
WALTINE NAUTA, and
CARLOS DE OLIVEIRA.

Defendants.
_____/

UNDER SEAL



FILED BY ___PCS___ D.C.

SEP 01 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**GOVERNMENT'S RESPONSE TO DEFENDANT NAUTA'S MOTION
TO REFERENCE DISCOVERY**

Pursuant to the Court's directive, counsel for Defendant Nauta served on the parties Nauta's Motion to Reference Discovery, which was initially filed *ex parte* and remains under seal. In the motion, Nauta seeks to reference and quote from a portion of [Per. 54] grand jury testimony and reference [Per. 54] cooperation agreement with the government. Both items were produced in discovery and are subject to the Protective Order.

The contents of [Per. 54] grand jury testimony and [P. 54] cooperation agreement are not relevant to the issues currently before the Court: whether the Court should hold a *Garcia* hearing and whether the government properly used the D.C. grand jury. Nevertheless, now that the Government has received Nauta's Motion to Reference Discovery and accordingly has additional information about how Nauta apparently seeks to use the testimony in his sur-reply[1], the

---

[1] The Certificate of Conferral attached to Nauta's Motion does not accurately reflect the position of the Government as conveyed to counsel and therefore the Government attaches its email exchange with counsel as Exhibit 1.

Government does not object to their use provided that any portion of the transcript or cooperation agreement submitted to the Court is filed under seal and any quotations from or references to those materials are redacted in the publicly filed version of the sur-reply. Public disclosure of those materials in advance of trial could influence the jury pool or affect the testimony of others. The Government also requests that, if Nauta includes Exhibit A to his Motion in the sur-reply, counsel redact Government counsel's email addresses and contact information.

Respectfully submitted,

JACK SMITH
Special Counsel

By: /s/ Jay I. Bratt
Jay I. Bratt
Counselor to the Special Counsel
Special Bar ID #A5502946
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Julie A. Edelstein
Senior Assistant Special Counsel
Special Bar ID #A5502949

David V. Harbach, II
Assistant Special Counsel
Special Bar ID #A5503068

## CERTIFICATE OF SERVICE

I, Jay I. Bratt, certify that on September 1, 2023, I served the foregoing document on all parties via electronic mail.

/s/ Jay I. Bratt
Jay I. Bratt

Case 9:23-cr-80101-AMC Document 583-1 *SEALED* Entered on FLSD Docket 05/23/2024 Page 1 of 2
Case 9:23-cr-80101-AMC Document 488-1 *SEALED* Filed Docket 05/13/2024 Page 14 of 25
Page 1 of 2

# EXHIBIT 1

**From:** Stanley Woodward
**Sent:** Monday, August 28, 2023 6:09 PM
**To:** DVH (JSPT)
**Cc:** Sasha Dadan; Todd Blanche; John Irving; Stephen Weiss
**Subject:** [EXTERNAL] Re: Transcript use

David - understood and thanks much for the prompt response.

Stanley

Sent from my iPhone

**Brand | Woodward**
www.brandwoodwardlaw.com

> On Aug 28, 2023, at 6:06 PM, ▇▇▇▇ wrote:
>
> Dear Stanley,
>
> Because during our meet-and-confer call you would not tell us how you wanted to use the ▇Per. 54▇ grand jury transcript in your sur-reply, we cannot state a position whether to authorize its use under the Protective Order. We object to your disclosure of ▇Per. 54▇ grand jury testimony or associated exhibits in any public filing or in open court. Accordingly, if you are granted leave to use them at all, it is our position that any portions of the transcript or exhibits that you file should be filed under seal, and any quotations or references to the same in your sur-reply should be redacted in any public-facing version of it.
>
> If you have any questions at all, please let me know.
>
> Kind regards,
> David
>
> David Harbach
> Assistant Special Counsel

1