# Exhibit 2

This press release is from the collections at the Robert J. Dole Archive and Special Collections, University of Kansas.
Please contact us with any questions or comments: http://dolearchive.ku.edu/ask

**NEWS FROM:**
*Bob Dole*
U.S. SENATOR FOR KANSAS
SENATE REPUBLICAN LEADER

*FOR IMMEDIATE RELEASE*
*Friday, January 7, 1994*

*Contact: Clarkson Hine*
*(202) 224-5358*

# **MEDIA ADVISORY**
## *THE FACTS ABOUT SPECIAL COUNSELS & THE AUTHORITY OF THE ATTORNEY GENERAL*

There has been a great deal of confusion about the issue of special counsels and the authority of the Attorney General to name special counsels.
The following is provided to help clear up this confusion:

*Notwithstanding the expiration of the Independent Counsel Act, the Attorney General currently has the statutory authority to appoint a "special counsel" as well as the regulatory authority to appoint an "independent counsel."*

### 1. Special Counsel Authority

#### a. 28 U.S.C. 515(a)

*"The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought."*

During the Carter Administration, former U.S. Attorney Paul Curran was appointed a special counsel by then Attorney General Griffin Bell pursuant to 28 U.S.C. 515(a).

#### b. 28 U.S.C. 533

*"The Attorney General may appoint officials--*

*(1) to detect and prosecute crimes against the United States;*
*(2) to assist in the protection of the person of President; and*
*(3) to conduct such other investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General.*

*This section does not limit the authority of departments and agencies to investigate crimes against the United States when investigative jurisdiction has been assigned by law to such departments and agencies."*

During the Bush Administration, it is our understanding that Judge Malcolm Wilkey (House Bank scandal) and Judge Nicholas Bua (the Inslaw matter) were appointed special counsels by then Attorney General William Barr pursuant to 28 U.S.C. 533.

*(more)*

This press release is from the collections at the Robert J. Dole Archive and Special Collections, University of Kansas. Please contact us with any questions or comments: http://dolearchive.ku.edu/ask

## 2. "Regulatory" Independent Counsel Authority

The Attorney General has authority under Justice Department regulations (28 CFR Part 600) to appoint an independent counsel. In fact, the only substantive difference between a "regulatory" independent counsel and the "statutory" one envisioned by the Independent Counsel Act is that the Attorney General appoints the regulatory independent counsel, whereas the Attorney General applies to the Special Division of the Court of Appeals to appoint the statutory one.

Like the Independent Counsel Act, the regulations provide that:

-- the Independent Counsel "shall have, with respect to all matters in his prosecutorial jurisdiction...full power and independent authority to exercise all investigative and prosecutorial functions and powers of the Department of Justice, the Attorney General, and any other officer or employee of the Department of Justice...." 28 CFR 600.1(a) (compare 28 U.S.C. 594(a)).

-- the Independent Counsel "may be removed from office, other than by impeachment and conviction, only by the personal action of the Attorney General and only for good cause, physical disability, mental incapacity, or any other condition that substantially impairs the performance of the Independent Counsel's duties." 28 CFR 600.3(a)(1) (compare 28 U.S.C. 596(a)(1)).

-- if the Attorney General exercises such removal authority he or she shall provide a "report specifying the facts found and the ultimate grounds for such removal" to the Senate and House Judiciary Committees and that the Independent Counsel may seek judicial review of such removal. 28 CFR 600.3(a)(2),(3) (compare 28 U.S.C. 596(a)(2),(3)).

-- the Independent Counsel "may make public from time to time, and shall send to the Congress statements or reports on the activities of the Independent Counsel." 28 CFR 600.2(a) (compare 28 U.S.C. 595(a)(2)).

The regulations do _not_ require an Independent Counsel to report to the Attorney General before taking any action during the course of an investigation.

During the Bush Administration, then Attorney General William Barr exercised his authority under 28 CFR 600 to appoint Judge Frederick Lacey to investigate the Banca Nazionale de Lavoro matter.

###