UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   9:23-CR-80101-CANNON

UNITED STATES OF AMERICA,

v.

WALTINE NAUTA, and
CARLOS DE OLIVEIRA,

                                        Defendants.
_____/

### JOINT STATUS REPORT

The remaining parties to this litigation, the United States, Waltine Nauta, and Carlos De Oliveira, hereby file this Joint Status Report with the Court.

*Agreed Upon Positions of the Parties Regarding the Release of Volume II*

The United States does not object to the Court keeping its order enjoining the Attorney General of the United States and the Department of Justice from releasing Volume II outside the Department of Justice, or sharing any information contained in Volume II with anyone outside the Department of Justice, in place. The United States understands and appreciates the arguments made by Waltine Nauta and Carlos De Oliveira regarding the prejudice they would suffer if Volume II were to be released.

The United States, Waltine Nauta, and Carlos De Oliveira also agree that under no circumstances should the Court *order* the release of Volume II of Jack Smith's confidential Final Report.[1]

---

[1] The United States, Waltine Nauta, and Carlos De Oliveira also agree that the pending motions to intervene filed by American Oversight and Knight Institute should be denied. The United States, Waltine Nauta, and Carlos De Oliveira will address the arguments presented by American Oversight and Knight Institute in their respective responses to the pending motions to intervene.

1

The United States, Waltine Nauta, and Carlos De Oliveira further agree that *if* the Court lifts its Injunction Order, the Court should require the Department of Justice to provide written notice to counsel for Waltine Nauta and counsel for Carlos De Oliveira sixty days prior to releasing a redacted version of Volume II outside the Department of Justice. This would allow the defendants to seek appropriate relief from this Court, if the Attorney General ever expresses an intention to release Volume II outside the Department of Justice.

### *United States' Positions Regarding the Release of Volume II*

In the event the Court is inclined to lift the Injunction Order, the United States submits the decision to release Volume II to outside the Department of Justice should rest with the sound discretion of the Attorney General of the United States. *See* 28 C.F.R. §§ 600.8(c), 600.9(c). The United States recognizes that when the Court entered its Injunction Order, Waltine Nauta and Carlos De Oliveira still faced the prospect of criminal trials on the charges contained in the Superseding Indictment. The Court's Injunction Order was necessary and appropriate. At this juncture, the United States Attorney's Office for the Southern District of Florida does not intend to revive the charges brought by Special Counsel Smith, and the Attorney General of the United States has not expressed an intent to release Volume II outside the Department of Justice. If the Court is inclined to lift the Injunction Order, it is the Attorney General's prerogative to determine whether the release of Volume II "would be in the public interest[.]" 28 C.F.R. § 600.9(c).

The Court should also decline any invitation to conduct an *in camera* review of the grand jury materials related to this prosecution. The Attorney General has not ordered the release of Volume II, nor has any court of competent jurisdiction ordered the Department of Justice to release Volume II. Unless and until either of those contingencies comes to fruition, it would be premature for the Court to engage in a Rule 6(e) analysis. Moreover, this Court has held that Jack Smith's

appointment violated the Appointments Clause of the United States Constitution, and therefore his investigation was invalid. Finaly, the Department of Justice, not the Court, is responsible for redacting any grand jury material in Volume II.

### *Positions of Waltine Nauta and Carlos De Oliveira Regarding the Release of Volume II*

Mr. Nauta and Mr. De Oliveira agree that a desirable resolution is one that would avoid the arduous task of dissecting Volume II of the unconstitutional Special Counsel's report to identify and seek protection for additional 6(e) and other confidential information. They also agree that the Court should not order the Attorney General to release the Report. They agree that if the Court decides to dissolve its Order enjoining the release of the Report, it would be appropriate to require the Justice Department to first provide them with sixty days' notice in the event of any form of release of the Report, so that they could seek appropriate relief from this Court. They appreciate and do not dispute that the Attorney General has given no indication that she intends to release the Report, and that the United States Attorney's Office for the Southern District of Florida does not intend to revive the charges brought by former alleged Special Counsel Jack Smith.

However, the statute of limitations has not yet expired in this matter, and Mr. Nauta and Mr. De Oliveira respectfully request that the Court maintain its supervision over this exceptionally complex case and continue to enjoin the release of the Report, and that doing so would not be a usurpation of the Attorney General's authority to release or withhold the Report under DOJ's Special Counsel regulations. To start, permitting the release of the one-sided Report would also amount to an unjust use of court-controlled grand jury processes to effect further disparagement of Mr. Nauta and Mr. De Oliveira, who remain bound by the Court's Rule 16 Protective Order (ECF No. 27) precluding them from effectively defending themselves against the recently-evaporated Special Counsel's allegations and who now lack the protections afforded by trial rights

including compulsory process.[2] They endured approximately a year-and-a-half of rampant pretrial publicity and vilification after their indictments were sought by an unconstitutionally appointed prosecutor with unconstitutionally limitless funding, who then went on to use the materials he collected in his unlawful investigation (at continued unconstitutional expense) to craft the Report intended to justify his actions. Allowing the Government to release a one-sided defense of such an impermissible prosecution while effectively tying the hands of the defense at this stage of the matter would violate Mr. Nauta's and Mr. De Oliveira's due process rights and Local Rule 77.2's prohibition against releasing information or opinion where there is "a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." S.D. Fla L.R. 77.2. (emphasis added), *see also* ECF No. 714 at 9. The Report should be relegated to the dustbin of history, where it belongs, in order to prevent further unjust prejudice to Mr. Nauta and Mr. De Oliveira. Should the Court decide otherwise, it should absolve the defense counsel of all of their obligations under its Rule 16 Protective Order, although even that would leave the interests of other innocent third parties unprotected.

Mr. Nauta and Mr. De Oliveira remain concerned that the Freedom of Information Act (FOIA), 5 U.S.C. § 522, presents opportunities for mischief that might one day force the Attorney General's hand, despite her good faith intention to maintain the Report's confidential status. As the Court has seen in recent weeks, the Justice Department's decision on the Report's release is not simply contingent on the Government's position. Several parties have sought public release of the Report through the FOIA, and thus far, two of those parties have sought to intervene in this

---

[2] Importantly, defendants were litigating additional constitutional violations at the time of the dismissal of the indictment, including motions for suppression as to unlawful seizures. Release of the Report, including to the extent premised on illegally seized material, would compound the asserted constitutional violations.

4

case asking the Court to rescind its January 21, 2025, Order.  *See* American Oversight's Expedited Motion to Intervene and for Clarification or, Alternatively, Dissolution of January 21, 2025 Order Granting Defendants' Emergency Motion to Preclude Release of Volume II of the Special Counsel's Report (ECF No. 717); Motion of the Knight First Amendment Institute at Columbia University to Intervene and Seek Rescission of the Court's January 21, 2025 Order and Public Release of Volume II of the Special Counsel's Report (ECF No. 721) (noting at least two additional FOIA requests at n. 11).

The Court should also retain jurisdiction and continue to enjoin the Report's release because it is not at all clear that its dismissal of the Superseding Indictment, or the Eleventh Circuit's dismissal of the appeal, extinguishes jeopardy for any of the three former co-defendants. The Government's Motion to Dismiss the Appeal as to Donald J. Trump (11th Cir. ECF No. 79) states that, "[d]ismissing the appeal as to defendant Trump will leave in place the district court's order dismissing the indictment without prejudice to him."  *Id*.  This Court noted in its January 21, 2025, Order that "Counsel [for the Government] during the hearing was unable to answer whether the Department has foreclosed reinitiating criminal charges against President-Elect Trump after he leaves office" (ECF No. 714 at n.15).  With respect to Mr. Nauta and Mr. De Oliveira, the Eleventh Circuit's dismissal of the appeal "with prejudice" simply precludes the Government from initiating a new appeal of this Court's July 15, 2024, Order dismissing the Superseding Indictment and directing the Clerk to close the case.  The Order did not state that the dismissal was with prejudice, and it did not preclude the Government from re-indicting the case through a constitutionally valid officer, notwithstanding the fact that the current occupants of those positions do not intend to proceed.   It is also clear that the offenses charged here, which are alleged to have occurred in 2022, are not time-barred by the relevant statutes of limitations (ten-years for violations

5

of 18 U.S.C. § 793(e) (64 Stat. 1005), five-years for 18 U.S.C. §§ 1512, 1519, 1001 (18 U.S.C. § 3282)). Because jeopardy arguably remains for all three former co-defendants, their due process rights remain a serious concern that strongly outweighs any interest that the Government or the public might have in the release of the Special Counsel's Report.

This Court's concerns about protecting confidential information in the Report are also left unaddressed by the dismissal of the appeal, and newly involved (and now gone) Government counsel were unprepared to address that issue at the January 17, 2025, hearing (*see* ECF No. 714 at 6). Mr. Nauta and Mr. De Oliveira maintain that the Government's proposed redactions of transcribed statements before the grand jury too narrowly apply the prohibitions of Rule 6(e) and fail to protect information presented to the grand jury from disclosure, including information over which President Trump asserted Attorney-Client Privilege that this Court did not have an opportunity to consider. Grand jury secrecy not only "encourages full and frank testimony on the part of witnesses, and prevents interference with the grand jury's deliberations," it also "helps to protect the innocent accused from facing unfounded charges …." *Pitch v. United States*, 953 F.3d 1226, 1229 (11th Cir. 2020) (en banc) (citing *Douglas Oil Co. v. Petrol Stops Nw*, 441 U.S. 211, 219 (1979)). The Report also contains argument and information that would have been the subject of motions in limine and pursuant to Fed. R. Crim. P. 404(b), that are inappropriate for disclosure.

Because jeopardy arguably remains for the defendants in this highly publicized and political case, the Report itself contains Rule 6(e) and other confidential information, and the Report's release would unfairly prejudice Mr. Nauta and Mr. De Oliveira, who are prohibited from defending themselves, Mr. Nauta and Mr. De Oliveira respectfully request that this Court maintain its January 21, 2025 Order prohibiting the release of Volume II of the Special Counsel's Final Report.

        Respectfully submitted,

        HAYDEN P. O'BYRNE
        UNITED STATES ATTORNEY

By: **/s/Michael D. Porter**
     Michael D. Porter
     Assistant United States Attorney
     Florida Bar# 0031149
     101 South U.S. Highway 1
     Suite 3100
     Fort Pierce, Florida 34950
     Telephone: (772) 293-0950
     Email: michael.porter2@usdoj.gov

By: **s/Richard Carroll Klugh, Jr.**
     Richard Carroll Klugh, Jr.
     25 SE 2nd Avenue Suite 1100
     Miami, Florida 33131
     Tel:   305-536-1191
     Email: rickklu@aol.com
     Counsel for Waltine Nauta

By: **/s Larry Donald Murrell, Jr.**
     LARRY DONALD MURRELL, JR.
     FLORIDA BAR NO: 326641
     400 Executive Center Drive
     Suite 201—Executive Center Plaza
     West Palm Beach, FL 33401
     Telephone: 561.686.2700
     Facsimile: 561.686.4567
     Email: ldmpa@bellsouth.net

By: **s/John S. Irving**
     John S. Irving
     E & W Law
     1455 Pennsylvania Ave., NW, Suite 400
     Washington, D.C. 20004
     Tel:   301-807-5670
     John.Irving@earthandwatergroup.com
     Counsel for Carlos De Oliveira

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

                                                                **/s/Michael D. Porter**
                                                                Michael D. Porter
                                                                Assistant United States Attorney