UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>DONALD J. TRUMP, WALTINE NAUTA,<br>and CARLOS DE OLIVEIRA,<br><br>Defendants. | Case No. 23-80101-CR<br>CANNON/REINHART |

**FORMER DEFENDANTS' NOTICE REGARDING KNIGHT INSTITUTE'S AND AMERICAN OVERSIGHT'S PETITION FOR WRIT OF MANDAMUS**

Former Defendants President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira respectfully submit this Notice regarding the Petition for Writ of Mandamus ("Petition") filed by Knight First Amendment Institute at Columbia University ("Knight Institute") and American Oversight in the United States Court of Appeals for the Eleventh Circuit. A copy of the Petition is enclosed.[1]

Through their Petition, Knight Institute and American Oversight urge the Eleventh Circuit to issue a writ of mandamus directing this Court to stay *all proceedings* until the Eleventh Circuit resolves their appeals of this Court's December 22, 2025 Order Denying Non-Party Invention. *See* Petition at 1. Knight Institute and American Oversight, who did not confer with or provide notice to counsel before filing the Petition, acknowledge that their Joint Motion to Intervene for the Purpose of Seeking a Stay of Proceedings, ECF No. 775, is also pending before this Court but

---

[1] Counsel for Knight Institute and American Oversight emailed the undersigned an "as-filed" (undocketed) copy of the Petition at 6:01 P.M. EST on Friday, February 13, 2026. Counsel received the enclosed copy by Notice of Docket Activity from the Eleventh Circuit at 5:37 P.M. EST on Tuesday, February 17, 2026.

1

argue that this Court is unlikely to grant the requested stay given its previous ruling and claim this Court did so "only after undue delay." Petition at 2 (cleaned up).

In hopes of creating some unfounded sense of urgency, Knight Institute and American Oversight emphasize that Mr. Nauta's and Mr. De Oliveira's pending Motion for an Order Permanently Prohibiting the Release of Volume II, ECF No. 774, includes a request for an order directing the destruction (*i.e.*, constitutional expungement) of all copies of Volume II. Petition at 1 (citing ECF No. 774 at 1, 12). They argue that *if* this Court deems it appropriate to order the destruction of Volume II, it will "effectively . . . thwart[]" the Eleventh Circuit's jurisdiction and "vitiate[]" their asserted access rights. *Id*. at 2. Knight Institute and American Oversight further allege that they would have "no ability to appeal the district court's order to prevent it being carried out"—seemingly overlooking their ability to seek emergency relief should such an order be entered. *Id*.

Knight Institute's and American Oversight's highly speculative and bombastic claims about the potential harms that could ensue without a stay of proceedings disregard clearly established legal standards governing stays and this Court's continuing authority to rule on the matters before it. *See* Fed. R. App. P. 8(a)(1); *Nken v. Holder*, 556 U.S. 418, 426 (2009); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (notice of appeal divests district court of its control over "those aspects of the case involved in the appeal"); *see also Davis v. Butts*, 290 F.3d 1297, 1299 (11th Cir. 2002) (appellate court has limited, provisional jurisdiction to determine whether district court erred in denying motion to intervene). In addition to this Court's jurisdiction over matters that are not directly involved in the appeal, it cannot be the rule that non-parties like Knight Institute and American Oversight may deprive a district court of its jurisdiction simply by seeking to intervene in a criminal case and appealing when properly denied. Such a

rule would create significant disruption in criminal proceedings and allow non-parties to effectively control district court dockets through strategic intervention attempts and appeals.

Enough is enough. Former Defendants President Trump, Mr. Nauta and Mr. De Oliveira respectfully submit this Notice of the Petition and register their opposition to any stay of proceedings that would prohibit the Court from ruling on the motions pending before it.

Dated: February 17, 2025                Respectfully submitted,

/s/ Kendra L. Wharton
Kendra L. Wharton
Fla. Bar No. 1048540
WHARTON LAW PLLC
k.wharton@whartonlawpllc.com
500 S Australian Ave, Ste 600-1139
West Palm Beach, FL 33401
(561) 247-5279
*Counsel for President Donald J. Trump*

/s/ Richard C. Klugh
Richard C. Klugh
Fla. Bar No. 305294
Jenny Wilson
KLUGH WILSON, LLC
40 N.W. 3rd Street, PH1
Miami, FL 33128
Telephone: (305) 536-1191
Facsimile: (305) 536-2170
rklugh@klughwilson.com
jenny@klughwilson.com
*Counsel for Waltine Nauta*

/s/ Larry Donald Murrell, Jr.
Larry Donald Murrell, Jr.
Florida Bar No. 326641
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: (561) 686-2700
Facsimile: (561) 686-4567
ldmpa@bellsouth.net
*Counsel for Carlos De Oliveira*

*/s/ John S. Irving, IV*
John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW, Ste. 200
Washington, DC 20006
(301) 807-5670
jirving@secillaw.com
*Counsel for Carlos De Oliveira*

**CERTIFICATE OF SERVICE**

      I, Kendra L. Wharton, certify that on February 17, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Kendra L. Wharton*
Kendra L. Wharton
